WESTERN DIS.
September,1841.

BENOIT
vs.
BROUSSARD.

---

## BENOIT vs. BROUSSARD.

APPEAL FROM THE COURT OF THE FIFTH JUDICIAL DISTRICT FOR THE PARISH OF LAFAYETTE, THE JUDGE THEREOF PRESIDING.

19L 387
107 553

A third person who did not sign a notarial act of sale, although it expresses on its face, that the *price* was paid by the vendee, *in cash,* may show by parol evidence, that in fact it was paid partly in cash, which he advanced, and by his note for the balance.

This is an action by Carmelite E. Benoit, wife of T. Broussard ; and formerly the wife of Arvillien Broussard, a deceased son of the defendant, to recover the amount alleged by her to be due from the estate of her late husband, which she inherited from her deceased son, born of that marriage. This claim is made up of several items, which are fully stated in the opinion of this court.

The general issue was pleaded, which put the plaintiff on the proof of her demand.

WESTERN DIS.
September,1841.

BENOIT
*vs.*
BROUSSARD.

There was a provisional judgment, referring the case to the parish judge, to audit and state the accounts between the parties.

Final judgment was rendered, decreeing a balance due to the plaintiff on the accounts of $478 23 ; and that she was entitled to one-fourth of the slaves Carmelite and her children, which were ordered to be sold, to effect a partition. The defendant appealed.

*Voorhies*, for the plaintiff.

*Crow*, for the defendant.

*Garland, J.* delivered the opinion of the court.

The plaintiff alleges, she is the late widow and heir, through her deceased son, Eloi Broussard, of Arvillien Broussard, deceased, who was a son of the defendant by his first wife. She says, defendant owes her the sum of $608 93, which her late husband was entitled to receive from the estate of his mother, also the sum of $64 40, which he was entitled to, as his portion in the succession of his deceased sister, and the further sum of $1330 37, which was the amount the estate of Arvillien Broussard sold for at probate sale, which amount, it is alleged, was received by defendant as agent of the plaintiff. She also claims one-fourth of a female slave, named Carmelite, and her children, which her late husband also inherited from his aforesaid deceased sister.

The answer puts all these allegations at issue, and sets up a large claim in compensation and reconvention.

It is clearly established, that defendant was tutor of his children by his first wife, and that the share of each of the four heirs was $608 93, which was in his hands ; the property being adjudicated to him. It is further shown, that defendant received the slave Carmelite, and the sum of $159 93, the amount of the succession of Azelie Broussard, his daughter, who died without children, of which slave and her increase the plaintiff is entitled to one-fourth part, as also of the money,

amounting to $39 98. It also appears, the defendant was by plaintiff appointed her agent, to settle the estate of her deceased husband, Arvillien Broussard, which amounted to $1330 37, so that defendant has to account for $1979 28, exclusive of the negro woman and children, about whom there is no complaint by either party in this court.

To account for this sum, the defendant says and proves by the production of an act of sale from Alexis Dubon, to Arvillien Broussard, that he had purchased a tract of land on the bayou Vermillion for $1000, which Dubon and his brother prove was paid by the defendant to the vendor. The plaintiff objected to this evidence on the ground, that it contradicted the act of sale, which stated the consideration was paid in cash by Arvillien Broussard, and that defendant was a party or privy to that act. The court sustained the objection, and the defendant excepted. The evidence of the Dubons is, that although the sale is said to have been for cash, in fact, defendant paid $200 in cash at the time, and gave his note for $800, payable in a year, which was subsequently paid. In the act of sale, it is stated, that Arvillien Broussard was a minor, emancipated by marriage, and that he is assisted in the transaction by his father, as curator *ad hoc;* but it appears from the record, defendant did not sign the act. The judge therefore erred in rejecting this testimony. Defendant was a third person in relation to this contract, and might very properly prove he furnished the money to purchase the land. That he did do so, we think is further proved from the circumstance of Arvillien being at the time under the age of majority, and but a short time married. It is not probable, that a minor in his situation would have $1000 to invest in land. We therefore think, this sum should be allowed as a credit.

A third person who did not sign a notarial act of sale, although it expresses on its face, that the *price* was paid by the vendee, *in cash*, may show by parol evidence, that in fact it was paid partly in cash, which he advanced, and by his note for the balance.

The plaintiff purchased property at the sale of the estate of Arvillien Broussard to the amount of $218 25, with which she is to be charged.

It is proved to our satisfaction, that defendant paid on account of his son's estate $390 14. This is exclusive of $140

WESTERN DIS. paid him, which it seems was coming from his grand-mother's
September,1841. estate.

BENOIT       We also think the defendant is entitled to charge the plain-
vs.
BROUSSARD.  tiff for the board of herself and child during·two years she
resided at his house, whilst a widow. It is proved, this is
worth $390, but as it is also in evidence, that some of plaintiff's
beeves were killed for the use of the defendant, about half that
sum we suppose to be just.

The account will therefore stand thus :

| | | |
|---|---:|---:|
| Whole amount to be accounted for, .................. | | $1,979 28 |
| Deduct : | | |
| Amount paid Dubon for land,..............$1,000 00 | | |
| Purchases by plaintiff at the sale of Arvil- | | |
| lien Broussard,......................... | 218 25 | |
| Debts paid for his estate,................... | 390 14 | |
| Board for plaintiff and child,.............. | 195 00 | |
| | | 1,803 39 |
| Balance due plaintiff,....................$175 89 | | |

As the judgment appealed from is for a larger amount than
we think is owing, it must be reversed.

The judgment of the District Court is therefore annulled,
avoided and reversed, except so far as it relates to the slaves
Carmelite and her children, and proceeding to give such judg-
ment on the other matters in controversy, as in our opinion
ought to have been given in the court below : it is adjudged
and decreed, the plaintiff do recover of the defendant the sum
of one hundred and seventy-five dollars and eighty-nine cents,
with interest thereon at the rate of five per cent. per annum,
from the date of this judgment, to wit : the 29th September,
1841, until paid, the costs in the District Court to be paid by
defendant, and those of the appeal to be paid by the plaintiff·
and appellee.