## No. 14,003.

FRED. B. RUSH ET AL. VS. FRANKLIN LANDERS; MARTHA E. LANDERS, INTERVENOR.

### SYLLABUS.

1. Where immovable property in this State purports to have been sold by a husband to his wife for a certain sum of money, the title is invalid on its face, the apparent consideration not being within the exceptions provided by C. C. 2446 as essential to the validity of a sale in such case, and the property is liable to seizure by the creditors of the husband.
2. Where property so situated is seized upon a claim against the husband, and the wife intervenes, setting up title, and the seizing creditor propounds to her interrogatories on facts and articles, her answers thereto are entitled to no greater effect, as against such creditor, than her testimony, or that of any other witness, given orally.

3. Where the seizing creditor, in propounding such interrogatories, takes the initiative and attempts to show that the consideration of the putative sale was other than as stated, either in the intervenor's title or in her intervention, and, thereafter, fails, in this court, to ask for any ruling upon his objection, made during the trial, to the introduction of parol evidence to show the real consideration of such sale, it will be presumed that the objection is abandoned.

4. Where the answers to such interrogatories show that property in another State had been conveyed by the husband to the wife for a particular consideration, arising under the laws of that State, this court will not assume, even though it should be made to appear that such consideration was inadequate, that a different consideration, testified to as moving in the matter of the conveyance of the Louisiana property, was, therefore, included and exhausted for the purposes of the conveyance in such other State.

5. The validity of the conveyance of immovable property in Louisiana, and the capacity of a husband and wife to deal with each other with respect thereto is to be determined by the law of Louisiana.

6. A sale of such property, between husband and wife, can be made only in the cases, and for the consideration, as provided in C. C. 2446, and if, apparently, made for some other consideration, is invalid on its face, and if a acked, by a party showing sufficient interest, the burden of proof, if p_oof be admitted, rests upon the party seeking to maintain the validity of such sale to show that the real consideration was within the exceptions provided in said article.

7. If, in such case, the claim be that the consideration was an indebtedness of the husband to the wife, for money said to have belonged to the wife and to have been received and used by the husband, it must be shown, where the parties are domiciled in another State, that, by reason of such receipt and use, the husband became the debtor of the wife, that the debt existed at the time of the conveyance, and that the property was conveyed in satisfaction, or in part satisfaction, of such debt.

8. Whether, in such case, the husband becomes the debtor of his wife depends upon the law of their domicile.

9. The courts of Louisiana will take judicial cognizance of the prevalence of the Common Law in a sister State and of the rule of the Common Law, that a married woman cannot possess personal property independently of her husband, except where a trust has been created for her separate benefit. But statutory modifications of the Common Law, or the creation of such trust, must be proved, if either be relied on.

APPEAL from the seventeenth judicial district, parish of Vermilion.—*Gordy, Jr., J.*

---

*Wilson & Townley (W. B. White* and *W. W. Edwards,* of counsel), for plaintiffs, appellants.

---

*Walter Augustus White,* for intervenor, appellee.

---

The opinion of the court was delivered by

MONROE, J. Fred. P. Rush and George E. Townley, residents of Indiana, and original plaintiffs herein, in February, 1900, obtained

judgment in the circuit court of Marion county, Indiana, against the defendant, Franklin Landers, also a resident of that state, in the sum of $4745.58, representing the principal and interest of a debt said to have been contracted in 1895, upon which judgment, in March, 1900, they instituted suit, in the district court for the parish of Vermilion, and caused to be seized, by attachment, a rice farm lying in that parish, which, they alleged, belonged to the defendant. The defendant, appearing through the *curator ad hoc* appointed by the court to represent him, answered, disclaiming title. Thereupon, Martha E. Landers, his wife, intervened, claiming to be the owner of the seized property by virtue of a conveyance made by her husband, in January, 1894, in part satisfaction of an alleged debt, for a larger amount, said to be due for separate funds belonging to her which had been delivered to, and used by, him, and praying that her title be recognized and the attachment dissolved. About the time that this intervention was filed, George E. Townley died and Morris M. Townley, his administrator, was made party plaintiff in his stead, and he and Rush answered the intervention, in effect, as follows, to-wit: that the property seized belonged to the community between Landers and his wife, and that the transfer of title to the wife, as set up by the intervenor, was null and void, because not within any exception to the prohibition contained in the law of this state against sales between husband and wife; because the property was worth $10,000.00, whereas the cash consideration of the alleged conveyance purports to have been $2000.00, and for the balance the wife undertook to bind herself with respect to certain mortgages bearing upon the property in the name of her husband; or, if it be held that she did not so undertake, then, that the price is "vile"; and that the debt claimed by plaintiffs is a debt of the community, for which said property remains liable. The answer concludes with a prayer that interrogatories on facts and articles be propounded to the intervenor, and for judgment, etc.

Interrogatories were accordingly propounded to, and answered by, the intervenor, under a commission executed at her residence, in Indiana, and the commission was duly returned, and made part of the record. The intervenor was, also, sworn as a witness in her own behalf, and testified orally; other evidence was adduced, and the case was argued and submitted, and decided in favor of the intervenor on the question of title, and in favor of the defendant by judgment of nonsuit. And, from the judgment so rendered, the plaintiffs prosecute this appeal. In the course of the execution of the commission under which the intervenor answered the interrogatories on facts and articles, the

point was reserved on behalf of the plaintiff that the answers were
read from a paper which had been prepared in advance, and that the
intervenor declined to answer in any other way and declined to state
by whom the paper had been prepared. The point thus reserved was
not, however, insisted upon in the district court, and has not been
referred to by counsel for plaintiffs, who rely, in their argument
before this court, upon their ability to show that the answers given by
the intervenor to the interrogatories, and in her oral testimony, are
self-destructive, and are overborne by other testimony. We take it,
therefore, that the answers to the interrogatories on facts and articles
are to be accepted subject to the conditions last mentioned, since they
can hardly be used for the purposes of an attack upon the oral testi-
mony given by the intervenor if they are to be excluded from the
record. As to the effect of those answers, counsel for the intervenor
contends that it can be destroyed only by the testimony of two wit-
nesses, or of one witness and strong corroborating circumstances,
which, he claims, have not been produced, whilst counsel for plaintiffs
insist that such effect should be determined, in this case, by the rules
applicable to ordinary testimony, for the reasons; (1), that the law
governing the answers of the defendant in a case is inapplicable where
interrogatories "are answered by one who, as intervenor, has the
burden of proof"; (2), that certain of the answers of the intervenor, as
to the value of the real estate in Indiana transferred to her by her
husband, are merely expressions of opinion upon matters concerning
which it does not appear that she was qualified to judge; and they
further insist that, as to certain mortgages, which are said to have
borne upon the Indiana property at the time of its transfer, the
answers are contradicted by official certificates from the mortgage
records; and, finally, that they are overborne, throughout, either by the
testimony of two witnesses, or its equivalent.

The Code of Practice provides that "both plaintiff and defendant"
may propound interrogatories on facts and articles (Art. 347), and the
answers are given the same effect whether made by the one or the
other, and irrespective of the burden of proof. The plaintiffs correctly
assumed that, as they occupied the position of defendants, *quoad* the
claim set up by the intervenor, they were entitled to propound such
interrogatories to her, and, if this be true, there can be no reason why
her answers should not be given the effect that would be accorded to
those of a person occupying the position of plaintiff *eo nomine.*
Prior to 1870, Article 354 of the Code of Practice read as follows:
"The answers of the party "interrogated are evidence, but do not

exclude adverse testimony, and may be destroyed by the oath of two witnesses, or of one single witness corroborated by strong circumstantial evidence, or by written proof." (Fuqua C. P. Art. 354.) And the case of Hynson vs. Texada, 19 Ann. 470, to which we are referred, was decided under the law as thus expressed. The present article 354 reads: "The answers of the party interrogated are evidence, but do not exclude adverse testimony, and shall be weighed by the judge as other testimony." And, for general purposes, to which the article applies, there can be no doubt that the answers referred to are to be dealt with as therein provided.

It is true that, under the Code of Practice as now written, it is well settled, as it was well settled before the amendment, that, as between the parties to a sale of real estate, there are but two ways of impeaching the title, which is required to be in writing, the one, by means of a counter letter, and the other, by interrogatories on facts and articles, and that, when answers to such interrogatories are substituted for the counter letter the title thus established can no more be impeached by parol testimony than if established in any other written form. Semere vs. Semere, 10 Ann. 704; Godwin vs. Newstadtl, 42 Ann. 735. This rule of exclusion applies, however, only to the parties to the instrument attacked and does not apply to third persons. Benoit vs. Broussard, 19 La. 387; Blake vs. Hall, 19 Ann. 52; Finley vs. Bogan *et als.*, 20 Ann. 444; Carey vs. Richardson, 35 Ann. 505. We conclude, therefore, that, for the purpose of this case, the answers of the intervenor to the interrogatories on facts and articles are entitled to no greater effect than her oral testimony, given in her own behalf.

Counsel for plaintiffs also objected, in the course of the trial, to the proof of any other consideration for the conveyance to the intervenor of the property in controversy than that evidenced by the written instrument, and the objection was overruled. But, as the counsel. themselves, appear to have opened the door to such proof by their interrogatories on facts and articles, and as they do not refer to the matter in their argument before this court, we assume that the objection in question, like the other, has been abandoned, and, for this reason, we make no ruling concerning it.

Proceeding upon the basis thus established, it appears that, in January, 1894, Franklin Landers, the husband of the intervenor, conveyed to his wife a number of pieces of real estate, in Indiana, consisting of farms, town lots, etc., concerning which it is claimed, on behalf of plaintiffs, that the aggregate value was $158,051.00 and that the mortgages with which they were burdened amounted to $86,865.00,

leaving a margin of value, carried by the conveyance to his wife of $71,186.00; whilst the intervenor claims that the property was worth $119,080.00, and that the mortgages equalled, or exceeded, its value. And the defendant, also, upon January 22, 1894, conveyed to his wife the farm seized in this case, which is said to be worth $10,000.00, and which was then burdened with mortgages amounting to $7500.00, exclusive of interest, etc. These different conveyances, evidenced by written instruments, duly recorded, purport to have been sales for money in hand paid. But the interrogatories on facts and articles were propounded by the plaintiffs for the purpose of enabling them to show that the consideration for the conveyance of the Indiana property was something other than cash, and that it must have included, and have extinguished, the alleged debt, of any such debt existed, in part payment of which the intervenor alleges that the Louisiana farm was conveyed to her. In her answers to those interrogatories, however, and also in her oral examination, the intervenor states that the Indiana property was conveyed to her in fulfillment of the verbal promise of her husband that he would, in that way, make good an interest in that, and other, property, which interest, secured to her by the law of Indiana, she had parted with at his request and in order to facilitate him in paying his debts. And, in her oral testimony, she also states that the Louisiana farm was so conveyed in part satisfaction of her claim against her husband, represented by his note of $10,324.87, for personal funds, belonging to her, which had been delivered to, and used by, him, together with accumulations of interest.

As to the consideration for the conveyance of the Indiana property, it appears, that, by the law of Indiana, which plaintiffs have proved, tenancies by curtesy, and in dower, have been abolished, and a married woman is given one inchoate one-third, one-fourth, or one-fiifth interest, varying, *quoad* the debts of her husband, with the value of the property, in all real estate acquired by her husband during the marriage, or in which he may have an equitable interest at the moment of his death, which inchoate interest becomes absolute upon the death of the husband, or upon the forced alienation of the property during his life, unless the wife has previously joined him in such alienation, or in imposing incumbrances importing the right to alienate; *provided,* that the wife may elect to take under the will of her husband, if there be one; and *provided,* also, that in case of judicial sales of such real estate where the value exceeds $20,000.00 her interest becomes absolute only up to that value (Revised Statutes of Indiana, sections 2482, 2483, 2491, 2499, 2508, 2509.)

As to the consideration for the conveyance of the Louisiana property, it is shown that the intervenor was first married to Washington Conduitt, who died in 1862 leaving her $4000.00 by his will, together with $1400.00, which he had given her shortly before his death; that, in 1865, the $5400.00 thus received had increased to $7200.00, and that she, then, married Franklin Landers, to whom at one time or another, she turned over the whole of that amount, taking his notes therefor; that, by reason of the accumulation of the interest allowed by Landers, the $7200.00 had increased, by January, 1883, to $10,324.87; that he then substituted a note for that amount in place of the notes previously given; and that, whilst interest had been paid on said note, from time to time, little or nothing had been paid in reduction of the principal amount up to the date of the conveyance of said Louisiana property, and that said property was conveyed to her in part satisfaction, that is to say, up to the sum of $2000.00, of the claim represented by said note.

It is admitted, by the argument, that the intervenor had a valuable interest, under the law of Indiana, as above recited, and it is not denied that she parted with it in joining her husband in mortgaging or selling the property to which it attached. Nor is it denied that it was competent, under the law of Indiana, for the husband to make that interest good, by the conveyance to the wife of real estate there situated. It is also, virtually, admitted that this court will be justified, from the evidence in the record, in holding that the intervenor had placed in the hands of her present husband $5400.00, with the accretion thereto, which she had received from her first husband and his estate, and that the same had not been returned to her, or otherwise accounted for, prior to the month of January, 1894. And, from these premises, counsel for the plaintiffs present an argument involving several propositions of law which may be conceded with certain modifications not material to the plaintiffs' case. Thus, it is conceded that the validity of a conveyance of real estate lying in Louisiana is to be determined by the law of Louisiana, and that the capacity of persons occupying the relation of husband and wife to deal with each other with respect thereto is to be determined by the same law. It is also conceded that, under the law of Louisiana, a sale between husband and wife can take place only for the considerations stated in the law itself; that, where such sale purports to have been made for some other consideration it is invalid, upon its face, and, if attacked, by a party having sufficient interest, the burden of proof, whenever such proof is admissible, rests upon the party seeking to maintain its validity to show that the real

consideration was within the exceptions provided by law; and if the claim be that the real consideration was indebtedness by the husband to·the wife on account of money said to have belonged to the wife and to have been received and used by the husband, it must be shown, where the parties reside in another state, that, by reason of such receipt and conversion, the husband became the debtor of the wife, that the debt existed at the time of the conveyance of the property, and that such conveyance was made in satisfaction, or part satisfaction, thereof. It is further conceded that the intervenor and her husband, having been residents of Indiana, the question as to whether the husband became indebted to his wife, by reason of his receipt and conversion of money, said to have belonged to her prior to his conveyance to her of the real estate in Louisiana, must be determined by the law of Indiana.

The learned counsel then proceed as follows:

1. It having been shown that the common law has been adopted in Indiana, and it not having been shown that it has, in that respect, been modified by statute, this court will assume, agreeably to the common law rule, that the husband of the ·intervenor owed her nothing on account of any money belonging, or said to have belonged, to her, which may have been received and converted by him, and hence, that there was no consideration, which the law of Louisiana will recognize, to validate the conveyance of the property here situated.

· 2. If the position, as thus stated, be not sustained, then, that the verbal promise of the husband, to make good, by conveyance of real estate in Indiana, the interest of which the intervenor had divested herself for his accommodation, was not enforceable, in view of the provisions of the Indiana Statute of Frauds (which the counsel have offered in evidence) on the subject of verbal contracts relating to real estate. And;

3. That the net value, after deducting the mortgage debt, of the Indiana property conveyed to the intervenor exceeded the value of the interest which she claims it was intended to make good, and hence, that it should be held that such conveyances also operated to extinguish the claim for money received and converted.

The propositions 2 and 3 will first be considered in their order as stated above. In support of proposition 2, we are referred to the case of Worth vs. Patton, 5 Ind. App. 272, in which it appeared that the husband desired to convey certain lands to the children of a former wife and that he, verbally, promised the wife that, if she would join him in such conveyance, thus releasing her inchoate interest, he would convey to her certain other real estate, which promise was accepted and

acted on by the wife, but that the husband died without fulfillment on his part. It further appeared that the widow then made a claim against the estate of the deceased asking to be made good with respect to the interest with which she had thus parted, which claim was resisted on the ground that the promise was void under the statute of frauds. It was held by the court that, if the action had been brought for specific performance, or for damages for breach of contract, the defense might have prevailed, but that the widow was entitled to recover the fair value of the interest with which she had parted upon the faith of a promise which had not been fulfilled and which could not be enforced. This decision appears to us to be equally sound in law and in morals, but we are unable to perceive in what way it supports the proposition of the learned counsel. It was not held that the husband could not, under the statute of frauds, have complied with his promise, nor was it held that, if he had complied with it, a creditor to whom he contracted a debt eighteen months later could have successfully attacked the conveyance, upon the ground that the consideration was inadequate.

Proposition No. 3 appears to us to involve a *non sequitur*, since, assuming that the net value of the Indiana property conveyed to the intervenor exceeded that of the interest which she claims it was intended to make good, it would not follow that the parties intended the excess in value to be attributed to the extinguishment of the claim for personal funds had and converted by the husband. There are other hypotheses to be taken into account. Landers may have intended to convey the property to his wife for an inadequate consideration, or he may have believed, the opinions of the witnesses who have been examined in this case, or the fact, if it be a fact, or both the opinions and the fact, to the contrary notwithstanding, that the property was not worth more than the claim in satisfaction of which it was transferred. There is nothing to indicate that any creditor was left unsatisfied at the time that the conveyances in question were made, and those conveyances certainly inflicted no injury on plaintiffs, whose debt had not then been contracted, and was not contracted until a year or more later. But, if the purpose had been to place the property of the husband, both in Indiana and Louisiana, beyond the reach of the husband's future creditors, it is not apparent why the claim of the wife for the restitution of her personal funds, which claim, there were reason to believe might serve as a valid consideration for the conveyance to her of the Louisiana property, should have been exhausted in Indiana, when, as we infer from the fact that plaintiffs appear to have made no attack on

them, the consideration for the conveyances in Indiana, as stated by the intervenor, was sufficient to enable her to hold the property there conveyed.

Passing to some other questions: There is no doubt that the Louisiana farm, having been acquired during the marriage, was community property, though Landers and his wife resided in Indiana. C. C. 2400. But that did not prevent its conveyance to the wife, provided there was a consideration, which, under the law of Louisiana, would be sufficient to support a sale, or *dation en paiement,* from husband to wife. The position taken in the answer to the intervention, that the intervenor, as part of the price, assumed the mortgage debts resting upon the property, and due by the husband, is not sustained by the fact. The intervenor did not assume the mortgage debts, but took the property, *subject* to the mortgages, and only for its supposed value over and above the debts thus secured. So, also, with regard to the position that property worth $10,000 was conveyed to her in extinguishment of her claim to the extent of only $2000, and that the price was " vile," etc. Such was not the fact. The property was conveyed subject to mortgages amounting to $7500, exclusive of costs, interest, attorney's fees, etc., for which it may be liable, and hence, the interest acquired by the intervenor seems to bear but a just proportion to the claim for which it is said to have been given in satisfaction.

Mrs. L. C. Colvin vs. D. A. Johnson, Sheriff, *et als.,* 104 La. 655.

The question which remains is: Was there a consideration for the conveyance of the Louisiana property from husband to wife, such as can be recognized under Louisiana law? The conveyance purports to be a *sale* for $2000, and is invalid upon its face.

"A contract of sale between husband and wife can take place only in the three following cases:

"1. When one of the spouses makes a transfer of property to the other, who is judicially separated from him or her, in payment of his or her rights.

"2. When the transfer made by the husband or his wife, even though not separated, has a legitimate cause, as the replacing of her dotal or other effects alienated.

"3. When the wife makes a transfer to the husband of property, in payment of a sum promised him as dowry. * * *"  C. C. 2446.

The burden of proof is on the intervenor to show that the conveyance, which appears upon its face to be invalid, because the consideration expressed is not within the exceptions of the law, is based upon another and a different consideration, which is within those exceptions.

She has undertaken to accomplish this by showing that she turned over to her husband certain funds, which, in this state, would be considered paraphernal, and that the property in question was conveyed to her, by her husband, in part satisfaction of the debt which he incurred in receiving and using said funds. But she has not shown that her husband thereby incurred any debt, for that is a matter which is to be determined by the law of their domicile, where the funds were received and converted. The plaintiffs have proved the adoption of the common law by the state of Indiana, a fact of which we might have taken judicial notice, as we now take judicial notice of what the common law is, though we do not take such cognizance of the statutory modifications of that law. Copley vs. Sanford's Extr., 2 Ann. 335; Kling vs. Sejour, 4 Ann. 130; Ripka vs. Pope, 5 Ann. 63; Gates vs. Gaither *et als.,* 46 Ann. 292; Lambert vs. Ins. Co., 50 Ann. 1031; Roehl vs. Porteous, 47 Ann. 1582; 13 Am. & Eng. Ency. of Law (2nd Ed.), 1058.

At common law, a married woman cannot possess personal property independently of her husband except where a trust is created for her separate benefit; and the promise of the husband to repay money received from the wife during coverture, would be without consideration. 15 Am. & Eng. Ency. of Law (2nd Ed.), 820; Henderson vs. Trousdale, 10 Ann. 548; McCall vs. White, *Ib.* 577; Eager vs. Brown, 14 Ann. 594; Quigley vs. Muse, 15 Ann. 197. There is no evidence in the record that this rule has been modified by statute in Indiana, and, hence, we have no basis upon which to hold that the receipt of money from his wife and its conversion by Landers imposed any obligation upon him the discharge of which could serve as the consideration for the conveyance to her of property in this state. Even if it had been shown that by reason of statutory modification in Indiana of the common law otherwise prevailing there, Landers became the debtor of his wife with respect to her personal funds received and converted by him, and that he also owed interest thereon, under an agreement to that effect, such obligation would not be held, in this state, to stand upon the same footing as the debt of a citizen of Louisiana to his resident wife for paraphernal or dotal funds received by him. Nor, would a conveyance of property, made in this state, in satisfaction of the one debt, be here given the effect which, under our law, is accorded to the *dation en paiement* in satisfaction of the other. Prats vs. Creditors, 2 R. 501; Stewart vs Creditors, 12 Ann. 89; Hyman, Lichtenstein & Co. vs. Schlenker & Hirsch, 44 Ann. 118. The counsel for the intervenor contends, however, that a creditor can proceed by the seizure of property, the title to which is in another person than his debtor, only

where such title is a pure simulation. Correctly stated, we take the rule upon this subject to be that, " when immovable property has been sold by authentic act, *valid on its face* and accompanied by actual delivery, and continuous possession and control by the vendee, as owner, a creditor of the vendor cannot seize the property in disregard of the transfer; and, when enjoined by the vendee, such seizing creditor will not be allowed to allege and prove that the sale is a fraudulent simulation * * *. The title of the vendor under such circumstances can only be attacked in a direct action in avoidance of the sale. And, in such direct action, whether revocatory or *en declaration de simulation,* the plaintiff must aver and prove that the act sought to be avoided operated injuriously to him. Willis vs. Scott, Sheriff, 33 Ann. 1026; Cochran vs. Gibert *et. als.,* 41 Ann. 735; Thompson & Co. vs. Hering, 45 Ann. 991.

In the case last above cited, the syllabus reads, in part: "If the act of sale evidenced a real transaction, whatever its character, the administratrix could not ignore it, or attack it collaterally, but could only claim its judicial revocation by direct action."

But, in the case at bar, the putative sale, from husband to wife, purporting to have been made for money in hand paid, is not valid upon its face—but is distinctly invalid, as being, apparently, in violation of a prohibitory law. It cannot, therefore, be said to evidence a real transaction, but leaves the title to the property, apparently, in the vendor, and subject to seizure at the suit of his creditor.

Our learned brother of the District Court, after a conscientious and exhaustive review of the case, concludes his opinion as follows: "* * * it seems, so far as I am advised, that, under the law of Indiana, the husband and wife have almost unlimited power to contract with each other. Under our own law, restitution to the wife, by the husband, is looked upon with favor. * * * The sale in controversy in this case was an accomplished fact long before the plaintiffs ever became creditors of the defendant, Landers, and the intervenor, by virtue of that sale, had accepted that property and gone into actual possession of the same. For the foregoing reasons, and after a prolonged and thorough study of the question, and all the law and facts bearing upon it, I am forced to conclude that the transaction, or transfer, in controversy, vested title to the property in the intervenor, and she is accordingly declared to be the true and lawful owner," etc.

We infer from this that something may have been conceded, in the argument in the district court, as to the statutory modifications of the common law, in Indiana, in so far as that law bears upon the relation

of husband and wife, but we have been unable to find in the record any proof of a modification whereby the husband becomes the debtor of the wife by reason of his receipt and conversion of her personal funds. Our conclusion, therefore, upon the case presented is, that the intervenor has failed to make the proof necessary to establish her claim, and that her intervention should be dismissed as in case of non-suit.

Since the submission of the case, the death of Franklin Landers has been suggested, and his legal representatives have been made parties hereto.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and that there now be judgment in favor of the plaintiffs, Fred. P. Rush and Morris M. Townley, administrator of George E. Townley, deceased, and against the intervenor, Mrs. Martha E. Landers, dismissing the intervention of said Mrs. Landers as in case of non-suit and at her cost in both courts.

Rehearing refused.