No. 4882.

(Court of Appeal, Parish of Orleans.)

## OSYKA MERCANTILE CO. vs. W. F. KLUMPP & CO.

Hall, Monroe & Lemann for plaintiff and appellee.

Buck, Walshe & Buck for defendant and appellant.

DUFOUR, J.—The plaintiff sues to recover the amount of a draft paid by it for the purchase of certain bagging,

and, as grounds for recovery, urges that it refused to accept the goods as not in accordance with the contract, and further, that defendant subsequently promised to refund the amount.

The defendant denies that he agreed to refund, and avers that the bagging was substantially of the kind and quality agreed to be sold and such as is usually accepted under the contract.

After certain negotiations at Osyka, Miss., between the plaintiff, represented by one Webb, its president, and one Fortenbury, a friend of Klumpp and then a resident of Osyka, and after the submission by Klumpp of quotations for second-hand bagging for baling cotton, the plaintiff, on August 3, 1907, made to defendant the following written proposition:

"Ship us, so as to arrive about September 15th, two-pound second-hand bagging, two pounds to the yard; three-yard pieces and over, no holes or tears, to cover, say 3,000 bales."

This proposition was accepted by Klumpp by letter of August 15, 1907, in the following language:

"Upon receipt of yours of the 3rd we at once booked your order for about 42,000 pounds second-hand bagging, two pounds to the yard, three-yard pieces and over, no tears."

A sale of this character with reservation of view and trial, is one with a suspensive condition.

### R. C. C., Art. 2460.

In November, 1907, the bagging reached Osyka, with bill of lading and draft annexed; the draft was paid, but the money was not remitted to defendant immediately, owing to a Mississippi statute forcing banks to hold back such remittances for ninety six hours.

After examination of the goods and an ascertainment,

in his opinion, of the fact that they did not come up to the contract, Webb telephoned Klumpp. He asserts that the latter promised to refund the draft together with certain damages and expenses; in this, he is corroborated by Fortenbury who says that Klumpp subsequently admitted to him that he had made the promise.

Klumpp strenuously denies both statements, but a significant silent corroboration of Webb's claim is found in the fact that, had he not believed that Klumpp had said so, he could have protected his company by attaching the money which had not yet been forwarded by the bank.

The plaintiff, on the same day, notified defendant by both telegram and letter that the goods were not as guaranteed and would not be accepted, but would be held subject to defendant's orders.

No instructions having been received from the latter, the bagging was stored at the Osyka Compress Co., and, after three ineffectual attempts to collect its claim, the plaintiff brought this suit.

Shortly afterwards, plaintiff attached the bagging in Mississippi; several months afterwards it was judicially sold and credit for the net proceeds was given to the defendants in this case on production of the duly-certified copy of the record and judgment of the Mississippi Court.

We might perhaps properly maintain plaintiff's demand on the preponderance of evidence as to the defendant's promise to reimburse, but the fact that the trial Judge did not rest his decision on that ground induces us to examine the other issues propounded.

It is argued, though not set up in the pleadings, that this is a redhibitory action in which the plaintiff should, as a condition precedent to recovery, have offered to return the thing sold.

Conceding, **arguendo,** that want of tender need not be pleaded **in limine,** we do not find the law to be that the

thing itself must be tendered back; it is sufficient, when it has been sold, that its proceeds be accounted for.

**33 An. 744; 49 An. 621; 7 An. 244.**

It is also argued that the sale under attachment was void because the record does not show that a **curator ad hoc** was appointed to represent the absent defendant as required by the law of Louisiana, which, in the absence of proof as to the law of Mississippi, must be held to govern the case.

The correct statement of the law is that our Courts take judicial cognizance of the common law, but not of its statutory modifications in the various States.

**107 La. 559.**

It is sufficient to say that Klumpp, through Fortenbury, is shown to have bid on the property at the sale under attachment, and that his doing so is potent to cure the nullity of a judgment rendered against him without his having been cited.

**C. P., Art. 612.**

The plaintiff's right to protect his money demand by an attachment in Mississippi is not disputed and, if the suit was valid originally or validated subsequently by the act of defendant, the costs must necessarily be deducted before arriving at the net proceeds going to defendant's credit.

When plaintiff refused to accept the goods and so notified the defendant who, in a distant city, took no steps in the premises, we think that the plaintiff might have minimized the loss, in the interest of whom it might concern, by selling the goods at public auction.

**7 An. 244.**

Such sale, with or without suit, should be sufficient to establish the market price, at least, in the event that no

more definite or precise market price is shown as having obtained at that time at the point of delivery.

Accounting for such price would be accounting for the property.

Passing now to the merits of the controversy, there can be no doubt that the goods delivered were not such as were contemplated by the contract.

There is no mistaking the terms of the order and of its acceptance and the fact that the bagging was to be used for baling purposes.

Several experts were examined on both sides and the preponderance of evidence is that the bagging was inferior and not fit for the purpose for which it was bought; that many pieces were not three-yard pieces, and that the tears and holes were numerous.

Some of the witnesses say it was the worst second-hand stuff they ever saw; others, and among them the defendants, say that the holes and tears were not patched as is usual in such cases.

The attempt to show that according to a custom of the trade, "without holes or tears" does not mean "without holes or tears," because there is no such second-hand bagging, fails miserably.

A custom which is in violation of the plain terms of a plain contract cannot be received to contradict it.

If it existed, it could not be invoked against the plaintiff who was not in the bagging business and cannot, therefore, be presumed to have contracted in reference to it, and who, in point of fact, was ignorant of its existence.

> **27 A. & E. Ency. of Law (1st Ed.), pp. 713, 759; 21 An. 679.**

The judgment allowed the amounts sued for, less pro-

test fees and profits; we do not find it erroneous

Judgment affirmed.

Godchaux, J., concurs and files a separate opinion.

January 24, 1910.

### Concurring Opinion.

GODCHAUX, J.—I concur in the decree and find the facts as stated by the Court. I concur in the opinion in so far as it treats the action as one of the recovery of the price paid in advance by a purchaser who subsequently properly refuses to accept delivery of the thing sold.

Under this view, tender back of the goods was neither necessary nor possible. The validity and affect of the Mississippi proceedings have no bearing upon the case, for the sole question is what sum the plaintiff actually received upon its claim; and the source of that credit and the validity of any of the proceedings through which it was procured are wholly immaterial. I express no view upon the other matters passed upon by the Court, for, in my judgment, their treatment was not necessary to a decision of the case.

January 24, 1910.