No. 4251

**Second Circuit**

———

**EWELL v. GIAMANCO**
**(CHOCTAW CHEVROLET CO., INC., Intervener)**

———

(February 16, 1932.   Opinion and Decree.)
(March 16, 1932.   Rehearing Refused.)

———

Overton, Dawkins & McSween, of Alexandria, attorneys for plaintiff, appellee.

Couvillion & Couvillion, of Marksville, attorneys for defendant, appellant.

CULPEPPER, J. The Choctaw Chevrolet Co., Inc., intervener and third opponent herein, at the time of the filing of the suit was engaged in the sale of Chevrolet automobiles and used cars of various kinds at its place of business in Marksville, Avoyelles parish. It is alleged in the petition of intervention that Loretto Giamanco, of Cheneyville, Rapides parish, called at its place of business on October 5, 1931, with the view of trading in an old Chevrolet cabriolet, which he owned and brought with him, for one of intervener's used cars; that intervener made a deal with said Giamanco whereby it conditionally sold to him a Chevrolet used car, roadster type, model 1929, motor No. 779810, which is the car in controversy herein, for the price of $250. Giamanco was to give intervener his old car, valued at $50, in trade, and pay $25 additional in cash, and the balance to be on terms of credit; that, as was its custom in selling used cars, intervener permitted Giamanco to carry said car home and keep it until October 10, 1931, to try it out and test it to see if he was satisfied with it, it being verbally agreed and understood that if Giamanco was not satisfied with the car he was to return it by the 10th of the month, but if satisfied he need not return it, and intervener would consider it a closed sale; that (quoting paragraph 6):

"Your petitioner shows that the said Giamanco left his old car in petitioner's possession as well as—$25.00—which your petitioner entered as a customer's deposit, and, at the same time, executed a deed of sale and chattel mortgage covering this transaction to avoid said Giamanco making another trip to sign same, if said car proved satisfactory, the understanding with your petitioner being that at the end of the trial term, that is, on Saturday, October 10, 1931, if the said Giamanco did not return the used car taken by him, then the sale would be considered as made and completed, and your petitioner would be entitled to retain and keep the used car left by said Giamanco, together with the—$25.00 deposit, and to record the deed of sale and chattel mortgage—; that, until such time there was no sale and the car held by Giamanco was still your petitioner's."

It transpired that on the following day, October 6th, this car was provisionally seized while in Giamanco's possession or control at Cheneyville by Joseph S. Ewell, plaintiff in this suit, and Ewell is seeking to have it sold by the sheriff in satisfaction of his claim for rent on the plantation under lease by Ewell to defendant in the suit.

The Choctaw Chevrolet Company, Inc., alleges further that said Giamanco informed the sheriff at the time of the seizure that the car did not belong to him, and advised the sheriff of the facts as alleged; also,

that intervener so advised the sheriff and the plaintiff in suit, and demanded the release of the car, but to no avail.

Said company has filed this intervention and third opposition, setting up ownership of the seized automobile, prays that the sale by the sheriff be enjoined, that it be decreed the owner and sent into possession of the property, and for damages and for general and equitable relief.

Upon the trial of the intervention, the plaintiff in intervention placed upon the witness stand P. Earl Neilson, the person in charge of intervener's business, and who, it appears, made the deal with Giamanco for the sale of the car in question. Neilson was asked if he had a business transaction with L. J. Giamanco (meaning Loretto Giamanco) on the 5th of October, 1931, and the answer was "Yes." Then counsel propounded the question, "Please state to the Court what that transaction was." Counsel for defendant in intervention made the following objection:

"Counsel for defendant in this intervention objects to the question for the reason, first, that in Paragraph Six of plaintiff's petition it is affirmatively averred that plaintiff executed in favor of the said Giamanco a deed of sale and chattel mortgage, covering the sale referred to, which was not placed of record, and it would follow that the written agreement between the parties would be the best evidence of the nature of their agreement or transaction.

"It is further objected to for the reason that the plaintiff is the vendor in such transaction and the vendee is the only one who can legally assert the invalidity or non-execution of such sale, and

"Further, that plaintiff having perfected the sale by delivery of the car to Giamanco is estopped insofar as the seizing creditor, Ewell, is concerned, to asserting any title to the car, which is movable property."

The judge sustained these objections,

stating, as his reasons, that the written agreement would be the best evidence.

After several questions in an effort to elicit from the witness an explanation of the verbal agreement had between him and Giamanco on the occasion of the execution of the written contract of sale and chattel mortgage, the purport of which was presumably to show a conditional sale as alleged on in the petition, all of which questions were met by objections similar to those above shown, counsel then offered the written contract of sale and mortgage for the purpose, as counsel states, "of exhibiting its confection," to which offering opposing counsel objected on the ground "that it is offered avowedly for the limited purpose of confection, when it is admissible and should be admitted for its entirety." This objection was likewise sustained by the court, to which ruling counsel for intervener excepted and reserved a bill of exceptions.

Counsel then offered and was permitted to file without objections the act without restrictions.

Counsel then asked witness the following question:

"Q. Now, was this contract signed between yourself and Mr. Giamanco to be effective at the time of its execution or was it merely to avoid a subsequent visit to your place of business for the purpose of executing it at a later date?"

Opposing counsel interposed the objection:

"That same is an attempt to vary, alter and contradict a written instrument as to matters and things contemporaneous with the agreement or prior to the execution of the agreement, and that the contract is the sole and only evidence of the agreement between the parties at the time of its execution or prior thereto."

These objections were also sustained,

and counsel then asked the question as follows:

"Q. Was this contract of sale, a chattel mortgage marked 'Plaintiff A,' evidence of, a sale made on that day with Giamanco or was it the understanding that the sale would not be made and completed until Saturday, October 10th, during which time he would have the trial of the car?"

This was objected to also for the same reasons previously urged, and the objections sustained.

Counsel then called Giamanco to the witness stand apparently for the purpose of eliciting the same testimony sought to be obtained from Neilson, and it was agreed between counsel that the same questions were asked him as were asked Neilson, and the same objections and rulings made.

There was judgment rejecting the demands of the plaintiff in intervention, and said plaintiff has appealed.

Counsel for intervener contends in oral argument and in brief before this court that the written contract of sale of the automobile was a conditional sale, was not to be effective at the time of the execution of the written act, but was to become complete and take effect only after the lapse of five days from the date of the execution of the written act, during which period of time Giamanco was given possession of the automobile for the purpose of trying it out to see if it suited him; that it was to become a closed sale only if and when, and on the condition, that Giamanco should decide that the automobile was satisfactory, the period of trial not to exceed five days; that the period of time had not elapsed, hence the sale had not been perfected and the ownership of the car was still in intervener, notwithstanding that a formal written act purporting a sale had been entered into. The written act itself makes no mention of any agreement that the sale should not be deemed as completed until the purchaser had tried out the automobile. On its face it purports to be a sale and chattel mortgage executed in the usual manner and form for such acts. The agreement alleged to have been entered into at the time of the execution of the written act for the trial of the automobile as above set out was a verbal agreement, apparently had at the time, and was contemporaneous with the written instrument.

Counsel contends that testimony in support of this alleged verbal agreement should have been admitted, that the trial judge erred in excluding such testimony, and now asks this court to reverse the judgment and order the case remanded, and the trial judge instructed to admit the evidence.

Counsel contends that the rule which defendant in intervention invoked as against the admission of the evidence is not applicable to this case, that is, the rule that parole evidence is not admissible to vary, alter, or contradict the terms of a written instrument as to collateral agreements made at the time of or prior to the written act, or against or beyond the act; that intervener is not attempting to vary or contradict the written act, but is trying to show a conditional sale. Counsel further contends that the rule invoked by the defendant applies only to the parties to the contract and does not apply in a suit between one of the parties to the act and a third party, such as this case presents. Counsel further points out that he endeavored to introduce the written act for a restricted purpose only, the purpose being to show "the reason for its confection," and that the trial judge erroneously excluded the offering for that purpose.

Defendant in intervention, in support of his contention that this testimony was properly excluded by the court, points out

through counsel the general rule to be that where a contract is reduced to writing and signed by the parties, such as was done in this case, in the absence of allegations of fraud, the best and only evidence as to its terms is the act itself, and that parole testimony cannot be received to vary its terms, stipulations, and conditions. But, that, like all other rules, this rule has an exception, the exception being that the rule has no application to strangers, that is, third parties who are not parties privy to the written act. Counsel asserts that this exception to the general rule has itself an exception which is (quoting from 10 R. C. L. 1021, par. 213) as follows:

"Where one, although not a party to the instrument, bases his claim upon it, and seeks to render it effective in his favor as against the other party to the action, by enforcing a right originating in the relation established by it, or which is founded upon it, the parole evidence rule applies."

Counsel's position, as we understand it, is that Joseph S. Ewell, defendant in intervention, based his seizure of the automobile upon the written act of sale, and that he is seeking to render the act effective in his favor, hence comes under the above-quoted exception to the exception to the general rule.

In 8 Ann. Cas., page 350, the law writer, quoting the above rule, states that same is generally held. We understand from this expression that it may not be universally so held.

Referring to the law and jurisprudence of this state, we fail to find where such rule has been applied, or where our courts have applied the rule as above laid down, but have uniformly adhered to the exception to the general rule without restricting the exception to the stranger and not to the party to the instrument. In Commer-

cial Germania Trust & Savings Bank v. White, 145 La. 59, 81 So. 753, 755, cited by counsel for intervener, the court, in discussing the rule that parole evidence shall not be admitted to contradict or vary the terms of a written instrument, says:

"That rule 'is applied only in suits between the parties to the instrument.' Greenleaf, Ev., sec. 279. And, of course, under familiar principles, the privies to the parties to the act come also within the rule."

Following the above language, the court continues by saying:

"In any controversy, therefore, between a party to the act and a stranger, the party to the act is as free to avail himself of parole evidence for contradicting or varying the act as the stranger is."

Following the above, the court, in giving reasons why a party to an act under such circumstances should be permitted to use parole testimony as a stranger, quotes approvingly from a New York case, McMaster v. Ins. Co., 55 N. Y. 222, 14 Am. Rep. 248, as follows:

"As, in a contention between a party to an instrument and a stranger to it, the stranger may give testimony by parol differing from the contents of the instrument, so the party to it is not to be at a disadvantage with his opponent, and he, too, in such case, may give the same kind of testimony."

As we understand the ruling of the courts of this state, it has been that the rule of exclusion of parole testimony to contradict or vary the terms of a written instrument applies only to controversies between the parties to the instrument, and to their privies. Rush v. Landers, 107 La. 553, 32 So. 95, 57 L. R. A. 353; Succession of Murray, 41 La. Ann. 1113, 7 So. 126; Covington Lbr. Co. v. Stef, 12 Orleans App. 237.

If it is a fact, as was in substance al-

leged, that title to the automobile in question still remained in the Choctaw Chevrolet Co., Inc., at the time it was seized, and had only been conditionally sold, the condition being a suspensive one, as it appears that it was, parole proof may be admitted to show that fact. Blaushild v. Rockhold, 7 La. App. 709; Civ. Code, arts. 2027, 2037, 2043.

It is not infrequent that a seizure is made through error of property which does not belong to the debtor, and not subject to seizure for that reason. In such cases the true owner of the property has the right to show the fact of his ownership, even though the property was found at the time to be in the possession of the debtor. While possession is a fact accompanying ownership, it does not in itself prove ownership. The two are separate and distinct. Civ. Code, art. 496. Neither is the written instrument the contract. A contract is an agreement by which one person obligates himself to another, etc., and it· must not be confounded with the instrument itself. Civ. Code, art. 1762.

"Parole evidence is admissible to show that a ·writing, in the form of a contract, never became operative as a contract. In other words, a separate agreement, constituting a condition precedent to the attaching of any obligation under the writing, may be shown by parole evidence." 10 R. C. L., sec. 249, page 1053.

The objection that intervener affirmatively alleged that a written contract of sale was executed, and that the contract would be the best evidence of the nature of the agreement between the parties, overlooks the fact that the allegations went further than that and alleged a verbal contemporaneous agreement that the sale, as evidenced by the writing, should be held in suspense for five days, and that there should be no sale until the expiration of that period. Intervener, we think, was

entitled to have his plea considered and passed upon as a whole, and not be restricted to just the written instrument. Davies v. Bierce, 114 La. 663, 38 So. 488.

Intervener referred to the written act in its petition, not that it was relying upon the act, but for the purpose of explaining why it existed, and its connection with the verbal agreement, and to show the transaction as a whole. Intervener's reliance to prove ownership of the seized automobile was upon the verbal agreement to show it had never parted with ownership. We think intervener should have been permitted to prove, if it be a fact, as alleged, that it was the owner. And in that connection it should have been permitted, under the rules of law, as well as of equity, to show the real and true facts surrounding the transaction as a whole. We think that intervener should have been permitted to file in evidence the written act for the restricted purpose of rem ipsam, as the commencement of proof, and with the view of exhibiting to the court all of the facts and circumstances connected with the main fact relied on. We think the court erred in his rulings complained of by appellant.

Defendant in intervention, in connection with answer, filed an exception of no cause or right of action, which was apparently referred to the merits by agreement. Since the judgment is apparently on the merits, we assume the court in effect overruled the exception.

Counsel in brief states the exception is good and should be sustained because of the absence of any averment in intervener's petition to the effect ·that Giamanco found the car unsatisfactory and would have returned it but for the fact that it was seized; and that "a sale and return" is a sale to the extent that it vests title in the prospective vendee, and should such

vendee sell said car or should it be seized by a creditor of such vendee, such sale or seizure would be upheld. In view of the fact that the allegations show that the car was seized on October 6th, and that the contemplated sale was to be held in suspense until October 10th, would show that there had been no sale up to the time of the seizure according to the pleadings. To determine whether Giamanco was satisfied and had decided to keep the car it would have been necessary that he be permitted to testify to that fact, and for that reason, no doubt, the exception was referred to the merits. The proper view, we think, is that the pleadings disclose a sale under a suspensive condition, and unless and until the condition is fulfilled there is no sale, and the parties are left in the same position they were originally. We do not think under the law, and counsel has cited us to no law to the contrary, that any title whatever can be considered as having vested in Giamanco to the car at the time it was seized, or at least the effect of the pleadings is to that effect.

Counsel argues further to the exception that Giamanco alone, and not plaintiff in intervention, has the right to invoke the return of the car, and he is not endeavoring to do so in this law suit. We think so long as the suspensive condition exists, title to the car rests in plaintiff, who has the right to protect same by any legitimate means. The exception will therefore be overruled.

We think the testimony which was excluded should have been admitted for the purposes for which it was offered.

For the reasons assigned, it is therefore ordered and decreed that the judgment appealed from be reversed, and set aside, and it is now ordered that the case be remanded, to be proceeded with in accordance with the views herein expressed.