## WHITE v. MACHEN.
### No. 5630.

Court of Appeal of Louisiana. Second Circuit.

Jan. 3, 1938.

Eugene Beck, of Winnfield, for appellant.

C. D. Moss, of Winnfield, for appellee.

TALIAFERRO, Judge.

By this action plaintiff seeks judgment against defendant for $119.09, the amount of an alleged personal loan to him on or about January 16, 1937, evidenced by plaintiff's check. Defendant, in limine, tendered what is denominated an exception of want of authority which was sustained, and the suit dismissed. The burden of the exception is that if defendant ever was personal-ly due plaintiff said amount, the right to sue to recover it now reposes in Clayton G. Taylor, plaintiff's transferee, as will be hereinafter discussed. The facts alleged upon in the exception, briefly, are these:

That when the alleged loan was made to exceptor, plaintiff was the local agent of the Louisiana Oil Refining Corporation at Winnfield, La., whereat it was engaged in the wholesale oil and gas business, and that "said alleged obligation was made in a trade between petitioner and exceptor with reference to certain trading concessions which the said petitioner desired to have in connection with your exceptor operating a retail filling station near the town of Winnfield, Louisiana."

That thereafter plaintiff surrendered said agency and was succceeded by said Clayton G. Taylor, who, as a concomitant of the agency relationship, purchased from plaintiff all of his "automotive equipment, fixtures, stocks of merchandise, accounts receivable and the like, and particularly purchased the obligation described in the petition, which obligation was listed in the inventory made at the time the said Taylor acquired the agency," as above mentioned.

Concluding, it is averred in the exception that having parted with his title to said obligation, if it ever existed, plaintiff has no real or personal interest therein and therefore is without authority to enforce its payment by suit.

Plaintiff appealed from judgment dismissing his suit.

Plaintiff supported the allegations of his petition by his own testimony. Defendant did not testify at all in the case, nor did he proffer any evidence whatever to support those averments of his exception, which inferentially deny that a loan was made him by plaintiff, as alleged, and that a personal obligation was thereby created. Therefore, it follows that as to these questions of fact, plaintiff's position is sustained.

On February 27th, prior to closing a sale with Taylor, plaintiff made an inventory of all of the assets of or connected with his sales agency business in Winnfield, and gave Taylor a copy of it. Some thirteen items are listed thereon and the value of each is extended. The aggregate is $974.51. These two items appear on the inventory:

| | |
|---|---|
| Accessory account | $ 50.51 |
| Investment, Machen S/S | 125.00 |
| | $175.51 |

It is admitted that the second of these items is intended to cover the loan in question. The first item, presumably, covers accounts due for accessories. The written act of sale closing the trade between plaintiff and Taylor, dated March 4th, embraces the several items of property listed on the inventory, excepting the two above named bills receivable. The price of the sale is $800. In this written instrument, plaintiff declares that:

"I hereby sell and convey all my right, title and equity in the following described *equipment,* located in and near the town of ·Winnfield, and I hereby certify that this property is free and clear of any and all encumbrances, except as herein below specified:"

This instrument includes the following special stipulation, viz.:

"I agree to help Clayton C. Taylor in the operation of wholesale plant in Winnfield, La., for a period of thirty days from March 1, 1937, and it is understood that my help and good will is a part of the above consideration."

Plaintiff is positive that he did not intend to, and as a fact did not, sell to Taylor any of the bills receivable. Taylor is as equally positive that he bought the account against defendant and paid $125 for it. He made some effort to collect it from defendant. He relies strongly upon the antecedent inventory. It is possibly more than a mere coincidence that the inventory value of the assets listed in the bill of sale amounts to practically $800. In other words, when the inventory value of the bills receivable is taken from the total values, according to the inventory, a remainder of practically $800, the admitted price of the sale, is obtained. As between Taylor and plaintiff, the bill of sale may not be contradicted, save under appropriate allegations of error, etc. R.C.C. art. 2276. No error is now alleged. The rule is different as regards third persons. Ewell v. Giamanco, 19 La.App. 672, 139 So. 515, 518. The variance between the description of the property in the inventory and act of sale is obvious and significant. It could hardly have occurred accidentally.

It appears obvious to us that the act of sale was intended to cover, as its language in no uncertain manner reveals, the physical equipment owned by plaintiff and used to carry on his sales agency relation with the Louisiana Oil Refining Corporation, plus good will. The accounts receivable, under any stretch of the imagination, may not be construed as "equipment" and certainly were not of any importance in the further conduct of the wholesale oil and gas business which had devolved upon Taylor.

The loan was evidently made to defendant to enable him to discharge an obligation due by him to a competing oil company, as a condition precedent to patronizing plaintiff's company, but the record is barren of any testimony even tending to negative the thought that there flows from the transaction the relation of creditor and debtor.

The preponderance of the evidence is against defendant. The judgment appealed from is reversed and set aside; and the case remanded for further proceedings therein. Costs of appeal are assessed against defendant; other costs shall await final decree in the case.