## Thomas P. Simpson v. Mills & Cleveland.

The Article 1988 of the Civil Code, which denies the revocatory action to a creditor when the contract of his debtor, which he seeks to set aside, was entered into before his debt accrued, has no application to cases of pure simulation.

Where an apparent ownership of property has, in reality, no actual existence, no action is necessary to set aside the simulated ownership. The creditor can proceed at once against the property of his judgment debtor.

The fact of a title having been acquired at a judicial sale, does not affect the question of simulation.

APPEAL from the District Court of East Feliciana, *Ratliff*, J.

*Preston Pond, Jr.*, for plaintiff. *Bowman & Delee*, for defendants and appellants.

LEA, J. The defendants, judgment creditors of *Thomas Albritton*, having caused to be seized, in execution of their judgment, a negro woman, have been restrained from proceeding further herein by a writ of injunction obtained at the suit of plaintiff, who claims the negro woman as his property. The only issue which can be presented in such a case, is one of fact. Was the slave seized in execution the property of the plaintiff or of the judgment debtor ?

The evidence shows that the slave *Lucy* was, on the 10th January, 1848, at a probate sale of property belonging to the succession of *Ellis Gore*, adjudicated to the plaintiff *T. P. Simpson*. The evidence, however, appears to us to establish conclusively the fact that the plaintiff never pretended to exercise any right of ownership over her, and that *Albritton* paid for her, and moreover, that, from the day of the sale until she was seized in execution, she was apparently the undisputed property of the judgment debtor.

The District Judge rendered a judgment perpetuating the injunction, on the ground that " the defendants could not maintain the plea of fraud and simulation, even if fraud and simulation were proved, as they did not become creditors of *Albritton* until some years after the adjudication to *Simpson*, and that they were, therefore, concluded by the provisions of Article 1988 of the Civil Code. This Article of the Code has, in our opinion, no application to cases of pure simulation. Where an apparent ownership of property has in reality no actual existence, no action whatever is necessary to set aside the simulated ownership. The creditor of the real owner can proceed at once against the property as that of his judgment debtor. See *Erwin* v. *Bank of Kentucky*, 5 An. page 1 ; also 6 An. p. 717.

The fact that the plaintiff acquired his apparent title at a judicial sale, does not preclude the seizing creditor from showing that the plaintiff had in fact no interest in the purchase, and merely held it for the benefit of their debtor, and we think the evidence establishes this fact, in the case at bar.

It is ordered, that the judgment appealed from be reversed; that the injunction be dissolved and set aside, and that the slave *Lucy* be decreed to be the property of *Thomas Albritton*, and as such, subject to seizure in the execution issued herein, and that the defendants do have and recover of the plaintiff $75 as damages. It is further ordered, that the plaintiff and appellee pay costs in both court.