LAND, J.
 

 The defendant Edgar G. Gould had been secretary and treasurer of the Ideal Savings & Homestead Association for a number of years, and some time prior to April 11, 1922, it was discovered that he was indebted to said association in a large amount, which could be definitely fixed only by an audit of its books.
 

 In the “Synopsis of Settlement” between plaintiff association and defendant, jt is stated that—
 

 ■ “Mr. Gijuld is willing and has been willing at all times to turn over his property to the homestead under certain conditions, and is willing to assist the homestead in every way possible to go ahead with its business under normal conditions and to pay all deficiencies that can be shown him whether by Ms own negligence, employees, or any other loss.”
 

 On April 11, 1922, defendant declared in a notarial act of mortgage that he was indebted to plaintiff in a sum largely in excess of $55,000, the exact amount of which had not then been determined, and executed his note for said amount, and also a special mortgage to secure the payment of said note and the total indebtedness due by defendant to plaintiff association up to the amount of $125,000.
 

 Defendant also declared in said act that the mortgage covered, not only the property particularly described-therein, but “all other real estate belonging to the said Edgar G. Gould and situated in the parish of Orleans, state of Louisiana.”
 

 On July 8, 1922, defendant conveyed to plaintiff association by authentic act of sale all of the property specifically included in the act of mortgage, for a cash consideration of $86,650. Of this amount, $27,400 was applied to the payment and cancellation of certain mortgages and notes listed in the act, and the remainder was credited to the mortgage of $125,000, leaving'a large balance still due by defendant.
 

 At the time of the passage of the act of sale, July 8, 3922, defendant signed an agreement with plaintiff association to lease from it “the premises 472 Lowerline street in this city at a monthly rental of $40.00 per month beginning August 1, 1922.” This lease was duly authorized by a resolution .of plaintiff association. On February 22, 1923, the defendant paid plaintiff the sum of $240 for rent then due under said lease.
 

 On March 1, 1923, or a week later, defendant sold the premises 472 Lowerline street to his codefendant, Samuel V. Edmiston, for a purported consideration of $9,500. The act of sale recited the payment of $500 cash, and the execution by the purchaser of three promissory notes, each for the sum of $3,000, dated with the act, and payable in 1, 2, and 3 years after date. These notes are secured by special mortgage and vendor’s lien on the property sold. *
 

 On the same day the act of sale was passed, March 1, 1923, Edmiston leased the premises 472 Lowerline street to the defendant Gould by private act, at a rental of $40 per month; the lease commencing March 1, 1923, and ending February 28, 1924. Plaintiff association instituted the present suit on May 1,1923, and attacks the sale from Gould to Edmiston in article 13 of the petition as
 
 *447
 
 fraudulent, and in article 14 as a simulation pure and simple. Petitioner alleges that this act of sale was passed for the convenience of the defendant Gould, that he remained in physical possession of the property thereafter, and that the codefendant, Edmiston, had full knowledge of all of the facts.
 

 Petitioner avers that the defendant Gould had expressed, a willingness to turn over all of his property to the homestead association in settlement of his indebtedness; that it was the mutual intention of the association and of defendant to include the premises 472 Lowerline street in the act of mortgage and in the act of sale executed by defendant ; that defendant had received in the act of sale actual credit fo^ $15,000 under the belief upon the part of plaintiff that the Lowerline street' property had been included; and that its omission from both of said acts was through mere error and inadvertence.
 

 Plaintiff association prays that the sale from Edmiston to Gould be declared simulated and without effect; that the act of sale from Gould to petitioner be reformed and corrected so as to include the premises 472 Lowerline street; and that petitioner be recognized as the owner of this property free of all incumbrances placed thereon by the defendants Gould and Edmiston.
 

 In the event that petitioner’s prayer to be recognized as owner of said property is denied, petitioner prays, in the alternative, that its mortgage be declared to include said property, and that same be subject to all of th'e conditions of said mortgage, and said mortgage note, free of all incumbrances placed thei’eon by defendants.
 

 Petitioner- also prays that defendants be ordered to answer- the interrogatories annexed to its petition under oath.
 

 Eroín a judgment of nonsuit, plaintiff has appealed.
 

 Defendants have answered the appeal, and pray that their exceptions of no cause of action, overruled in the lower court, be sustained on appeal, and, in ease the court should consider the merits, that the judgment appealed from be amended by rejecting the demand of plaintiff.
 

 1. The exceptions of no cause of action tendered by defendants are based primarily upon the proposition that written evidence is necessary to prove that the sale from Gould to Edmiston is simulated, and, as the answers of defendants to the interrogatories annexed to plaintiff’s petition deny fraudulent simulation, that the petition fails to disclose a cause of action.
 

 It is contended also by defendants that this is a revocatory action, and that plaintiff’s petition is insufficient in that it fails to allege the insolvency of the debtor, Gould, and that plaintiff was a judgment creditor at the date of the alleged sale.
 

 It is clear from the prayer of the petition that this is not a revocatory action, but an action en declaration de simulation. In Mackesy v. Schultz, 38 La. Ann. 385, it was held that where a sale was alleged to be “simulated and fraudulent,” the court was authorized to grant relief, if the evidence established either simulation or fraud, or both.
 

 The revocatory action, technically so called, has for its object the annulment of acts and contracts made by the debtor in fraud of the rights of creditors. Plaintiff in this casé asserts, on the contrary, that its debtor never did, in truth and fact, sell or dispose of this property; but that the purported sale from Gould to Edmiston is a simulation pure and simple.
 

 In ease of a simulated sale, no title is transferred to the vendee to be annulled, as the simulation is in the title to the property apparently conveyed, and the name of the vendee is used in order to elude the pursuit of the creditor.
 

 Where a fraudulent simulation exists,
 
 *449
 
 creditors alleging fraud and injury practiced upon them may resort to parol testimony to expose the simulation. Creditors are not restricted to a counter letter as a means of proof. Telle v. Fish, 34 La. Ann. 1244; Testart v. Belot, 31 La. Ann. 795; Wang & Cottam v. Martin Finnerty et al., 32 La. Ann. 94.
 

 This court has repeatedly hold that the chapter of the Civil Code regulating the revocatory action is not applicable to cases of simulation, and that in those cases creditors may seize, notwithstanding the apparent transfer.
 

 A simulated transaction can have no legal effect; it is a nonentity. Hence the right of creditors to proceed, via executiva, in all cases of simulated sales.
 

 It is a matter of no moment whether the creditor’s claim accrued previously or subsequently to the passing of a simulated deed. Davis v. Stern, 15 La. Ann. 177; Simpson v. Mills & Cleveland, 12 La. Ann. 173; Erwin v. Bank of Kentucky, 5 La. Ann. 1; Emswiler v. Burham, 6 La. Ann. 717; Testart v. Belot, 31 La. Ann. 795; Wang & Cottam v. Martin Finnerty et al., 32 La. Ann. 94.
 

 The action of plaintiff, not being revocatory in character, need not conform to the essentials of such an action.
 

 If plaintiff association were attempting to make out title for its debtor, and to bring into his estate an immovable that has never formed any part of it, it is clear that the rights and privileges of petitioner as a creditor would be precisely the same as those of the debtor himself.
 

 This is not a case where Edmiston, as a party interposed, has bought real estate for Gould from a third person. If it were, neither plaintiff nor Gould could establish title in himself, except by counter letter or by answers to interrogatories on facts and articles.
 

 But as this is an'action by plaintiff assoeiation, to have declared simulated and without legal effect a sale made by its debt- or of his own personal property, with fraudulent intent, plaintiff, as a creditor, enjoys privileges which would be denied its debtor.
 

 While Gould cannot be permitted, as against Edmiston, his vendee, to show simulation, except by counter letter or by answers to interrogatories, yet plaintiff, as a creditor and a third person, may clearly rely upon parol evidence for such purpose. This legal principle has become hornbook law in our jurisprudence, under the repeated decisions of this court. Hoffmann y. Ackermann, 110 La. 1076, 35 So. 295, on rehearing; Nouvet v. Vitry, 15 La. Ann. 653; Barbin v. Gaspard, 15 La. Ann. 539; Dohan’s Heirs v. Dohan, 42 La. Ann. 451, 7 So. 569.
 

 As plaintiff was not compelled to rely upon a counter letter, nor upon answers to interrogatories in this case, to prove simulation — as no written evidence at all was required for such purpose — it is immaterial that the defendants denied the fraudulent simulation charged, and asserted the good, faith of the transaction and a valuable consideration for the sale, even if the answers made by defendants to the interrogatories are annexed to the petition.
 

 The exception of no cause of action is without merit and was properly overruled.
 

 2. While it is true that the clause in the act of mortgage, “all other real estate belonging to the said Edgar G. Gould and situated in the parish of Orleans, state of Louisiana,” is too general, vague, and indefinite to identify and-include the premises 472 Lowerline street, as property subject to the mortgage, at the same time this declaration 'made in the authentic act of mortgage establishes the allegation in plaintiff’s petition. as to the intention of the defendant Gould to turn over all of his property to plaintiff association in settlement of his indebtedness.
 

 
 *451
 
 That the defendant so intended, and actually believed that he had done so, is fully proven hy the fact that, at the time of the sale from defendant to plaintiff, defendant accepted from plaintiff a written lease of the Lowerline property, and subsequently paid the rental then accrued.
 

 The relationship of tenant and landlord, existing between plaintiff and defendant, had not ceased at the date of the sale of the Lowerline property by defendant to Edmiston on March 1, 1923. Defendant was still in occupancy of this property as the tenant of plaintiff association.
 

 It is well settled that the possession of the lessee is the possession of the lessor, and that, whilst holding such possession, the lessee cannot question the title of the lessor, or change the character of his possession, by possessing for himself. And, as this is true even though the lessee be the real owner of the property, it is clear that the situation is not changed, where the real owner, during the continuance of the lease, attempts to change the character of his possession through a purported lease from his vendee of property included in a deed evidencing a fraudulent simulation, which has no legal effect whatever. Campbell v. Hart, 118 La. 871, 881, 43 So. 533.
 

 We are constrained to hold that the sale made by the defendant Gould to his co-defendant, Edmiston, was a simulated transfer, executed with fraudulent intent. Although the act of sale recited a cash consideration of $500, both defendants admit that no cash was paid at all, at the time. The defendant Gould testified that, on the day of the passing of the act of sale, Edmiston handed him a check for $503 orí the American Bank; that for personal reasons he did not deposit the check, as he owed Edmiston $240, and surrendered the check to him-; and that Edmiston handed the balance to him in cash.
 

 We have before us the account of the co-defendant, Edmiston, with the American Bank & Trust Company from January 1, 1923, to November 10, 1923. On the day of the sale, March 1, 1923, Edmiston had a balance in this bank of $21.67.
 

 It is inconceivable that two business men should, in good faith, predicate the cash payment of the purchase price in a sale of property, valued at $9,500, upon a check for $503, drawn upon a trifling deposit of $21.67.
 

 Edmiston testified that he paid Gould the balance of this check in cash, and that he drew the money out
 
 of the
 
 bank on the day of the sale, March 1, 1923, or the day before, February 28, 1923, or the day following, March 2, 1923.
 

 We are not impressed with this testimony, for the reason that no such withdrawal is shown by the bank’s ledger, and Edmiston’s balance on each of these three days was only $21.67. Apparently, the giving of this cheek was a mere ruse and subterfuge.
 

 Edmiston’s testimony that Gould paid the monthly rental of $40 for the Lowerline street property at the bank is not borne out by any credits for such amounts on his account, nor did the bank have any record of any Gould-Edmiston rent notes.
 

 The leasing by Gould of this property from Edmiston on the very day of the sale, and his remaining in possession continuously since that date, when considered in connection with all of the circumstances of the case, convinces us that this sale was clearly a fraudulent simulation, and therefore without legal effect.
 

 As there was no valuable consideration and real transfer of title from Gould to Edmiston, and as in our opinion no rights of any innocent third person as purchaser have intervened, we find no valid objection to reforming the act of sale from Gould to plaintiff association, so as to include the Lowerline street property, as such was the
 
 *453
 
 evident intention of the parties, and as Gould has already received credit for $15,000, the estimated value of said property, in the deed made by him to plaintiff association.
 

 It must he observed, however, that in correcting this deed, the rights of any bona fide holder, or holders of any mortgage note, or notes, or other incumbrance on this property, must be protected and reserved.
 

 It is therefore ordered that the judgment appealed from he annulled and reversed.
 

 It is now ordered that there he judgment in favor of plaintiff, the Ideal Savings & Homestead Association, against the defendants Edgar C. Gould and Samuel V. Edmiston, declaring the sale to the said Edmiston by the said Gould, as per act before Gabriel Fernandez, Jr., notary public, dated March 1, 1923, to be a simulation, and without legal effect.
 

 It is further ordered that there be judgment in favor of plaintiff, the Ideal Savings & Homestead Association, against the defendants Edgar G. Gould' and Samuel V. Edmiston, decreeing the said homestead association to be the true and lawful owner of the following described real estate, to wit: A certain piece or portion of ground, together with all the buildings and improvements thereon, situated in the Seventh district of the city of New Orleans, La., in square No. 43, which square is bounded by Lowerline, Commercial, Millaudon and McCarthy streets; said portion of land measuring 108 feet, 9 inches, and 4 lines front on Lowerline street, by a depth and front on Commercial street of 118 feet, 6 inches, and 2 lines, and 150 feet, 2 inches and 2 lines across the rear line, at which point the property runs a distance of 30 feet in the direction of Lowerline street, at which point it runs a distance of 38 feet, 9 inches, in the direction of Commercial street, and thence 104 feet, 7 inches, and 4 lines parallel to McCarthy street. Being the same property acquired by Edgar G. Gould from Samuel R. Preston, by act before William Renaudin, notary public, dated June 16, 1914, and registered in Conveyance Book 269, folio 423.
 

 It is further ordered that the act. of sale of Edgar G. Gould to plaintiff, the Ideal Savings & Homestead Association, before E. M. Stafford, notary public, dated July 8, 1922, be corrected and reformed so as to include the above-described real estate, for which the defendant Edgar G. Gould has already received a credit in said act of $15,000; said property having been turned over to plaintiff, the Ideal Savings & Homestead Association, by the said Edgar G. Gould, at said price, and omitted from said act through error and inadvertence.
 

 It is further ordered that the rights of any bona fide holder or holders of any mortgage note or notes, or of other incumbrance on said property, be, and the same are, hereby reserved and declared to be unaffected by this decree, and that defendants pay all costs.