### CARRUTH v. JONES et al.
#### No. 902.

Court of Appeal of Louisiana. First Circuit.

Feb. 8, 1932.

F. P. Jones, Jr., of Leesville, for appellant.

Woosley & Cavanaugh, of Leesville, and C. E. Hardin, of Lake Charles, for appellee.

MOUTON, J.

In November, 1921, Dr. Finus P. Jones obtained judgment against Dr. S. O. Turner and James H. Turner in solido on notes executed in 1908.

In execution of his judgments Dr. Jones, in 1929, obtained the seizure of a tract of land in Vernon parish. W. Frank Carruth, plaintiff herein, enjoined the sale under the writ, claiming that he was the owner of the property seized. His injunction was maintained, from which Dr. Jones, defendant in the injunction proceedings, appeals.

Carruth bases his claim for the ownership of the land by virtue of a sale from James E. Turner, the judgment debtor of Dr. Jones, executed under private signature May 5, 1921, and bearing the names of Roy Brown and James A. Laurent, as witnesses. In answer to the claim of ownership of the land made by Carruth, Dr. Jones alleges that the asserted sale to Carruth by Turner was without consideration, and was a fraudulent simulation. This defense presents the vital issue in the case.

█ The debt on which the judgment was obtained by Dr. Jones existed prior to the execution of the sale to Carruth by James H. Turner, his father-in-law. Even if the debt accrued after, if the sale is simulated it is immaterial, as the creditor may seize the property directly. Ideal Association v. Gould et al., 163 La. 442, 112 So. 40.

■ This sale or quitclaim says that the land is transferred for and in consideration of $100 and other considerations "in hand paid by W. F. Carruth and wife."

When testifying to the price paid for the land, Carruth said it was $500, although the deed says it was for $100. When questioned in reference to this discrepancy in the price, Carruth referred to the other consideration mentioned in the deed, and in explanation said, "That was only a form." No proof was made of $100 being "in hand paid" to Turner, as is declared in the deed. The two witnesses to the act were not called to prove that any money had been turned over to Turner in any amount to explain the other considerations mentioned in the act.

Carruth, in testifying about these $500, said he had paid that before the execution of the sale. Asked if he had paid that amount by check or otherwise, to which he answered, some of it he had paid in cash and that he paid some of Turner's bills. He, however, produced no receipts, checks, or vouchers to prove any payments he pretended to have thus made. In another part of his testimony, he says he had bought groceries for his father-in-law. All of that, according to his testimony, entered into this consideration of $500, but is not sustained by any voucher, receipt, or check for any amount.

Turner, in testifying on the subject, says some of what he received from Carruth was in cash and help when he was "in tights."

It appears besides that Turner, the pretended vendor, remained in possession of the property after the execution of the sale, and never paid rent for its use or occupancy. It is shown that in 1921, the year of this pretended sale, that the property was assessed for $790, and Turner says he was offered $800 for it.

In the case of Pruyn v. Young, 51 La. Ann. 320, 25 So. 125, the court, in reviewing a case involving an attack on a sale for simulation, expressed itself as follows: "The testimony of vendee alone in his own behalf (who fails to show why the other parties to the act have not testified) is not sufficient to overcome three separate, strong presumptions, established by law (to wit, one arising from relationship between the parties to the sales, continued possession of the vendor after the sale, and failure to introduce corroborative testimony, or failure to account for its absence)."

The relationship of the vendor and vendee herein, the retention of possession by the pretended vendor without payment of rent, the failure of the pretended vendee to have the witnesses to the act testify as to whether any money whatsoever had been paid, as therein declared, or to explain if any other considerations had been mentioned for the failure to state in the deed that the pretended transfer was in consideration of $500, as testified to by Carruth, and the failure of Carruth to bring forward evidence in line with the suggestions above stated, brings this case clearly within the grasp of the ruling of the court in 51 La. Ann. above cited.

It is true, in this case, that the vendor testified, whereas the vendee only had appeared in the case above cited, as was said by the court in the beginning of the syllabus, which we have reproduced. This is about the only difference existing between this case and the other case; in other respects, the failure of plaintiff to offer proof to sustain his demand as above pointed out, after a careful analysis of the evidence, we find, shows that he has not discharged the burden imposed on him by law which required him to establish the reality of the sale. C. C. art. 2480; Weil v. Scarbrock, 156 La. 159, 100 So. 290.

In the case of Cadiére v. Gaidry, 42 La. Ann. 170, 7 So. 232, it is true the court took occasion to remark that, the relationship of the parties to the litigation was a weighty circumstance in cases of this nature, but was not inconsistent with the honest relation of the debtor and creditor. In that case, however, the statement of the court was supported, not only by the testimony of the parties, but also by collateral facts fully proved by other witnesses.

■ In the instant case there are no facts fully proved by other witnesses than the parties to warrant the application of the rule adopted in that case. It is well settled that, when the transfer claimed is shown to be simulated, as appears here, the pretended sale can be disregarded and the property may be directly seized, though standing in the name of another. Olivier, Voorhies & Lowrey v. Majors, 133 La. 764, 63 So. 323; Ideal Savings & Homestead Association v. Gould, 163 La. 442, 112 So. 40.

The preponderance of the evidence is against the verity of the sale from Turner to plaintiff, Carruth, and which we find to have been a fraudulent simulation. The judgment below recognizing the ownership of the property seized in Carruth is erroneous, and must be reversed.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled and reversed, and that plaintiff's demand be rejected at his cost; and that the property be sold under the seizure.