**ARCHIE v. SHELL OIL COMPANY, Inc. et al.**

**Civ. A. 2804.**

United States District Court
E. D. Louisiana, New Orleans Division.

Feb. 26, 1953.

Earl J. Amedee, New Orleans, La., for plaintiff Wilbur O. Archie and for Isaiah H. & Roena Spears.

Elton A. Darsey, Houma, La., for Matthews Heirs.

Alvin W. Hahn, Monrovia, Cal., Gordon O. Ewin, New Orleans, La., for Jirschefske Heirs.

Ernest M. Sutter, New Orleans, La., for Shell Oil Co., Inc.,

H. H. Hillyer, Jr., New Orleans, La., for Sunray Oil Co.

WRIGHT, District Judge.

Wilbur O. Archie, a resident of California, filed a complaint in forma pauperis in the United States District Court for the Southern District of California against the defendant oil companies alleging that Archie was the owner of an undivided mineral interest in certain lands in Terrebonne Parish, Louisiana, from which the defendants were producing oil and gas and failing to account to plaintiff for his share. Defendants moved to dismiss for failure to join indispensable parties, and in the alternative to transfer the case to this court. The motion to dismiss was denied and the motion to transfer was granted.

The defendants answered admitting they had failed to account to the owner of at least part of the interest claimed by the plaintiff but alleged they were in doubt as to the identity of the owner, and consequently have filed a counterclaim and crossclaim for interpleader in which all parties who are claiming or might possibly claim any interest in the land or minerals in suit are joined. Such parties, in addition to the plaintiff herein, are Mr. and Mrs. Isaiah H. Spears, the Matthews heirs and the heirs of Jirschefske. Appearances have been filed in behalf of all parties to the interpleader.

In 1941 Isaiah H. Spears, a California resident, acquired from various members of the Matthews family an undivided mineral interest in the land herein involved. The exact extent of his interest is open to dispute but the dispute is no longer of importance. The conveyances were procured by Spears through fraud and were set aside at the suit of the Matthews family in 1945 except as to the 1/4th of 1/8th interest which Spears acquired from George Matthews, Jr.[1]

Prior to the judicial annulment of these acquisitions, Spears had transferred portions of his asserted interest to Jirschefske. Jirschefske was not made a party to the annulment suit against Spears and plaintiff herein who deraigns his title through Jirschefske claims that the judgment obtained against Spears did not affect the interest of Jirschefske since Jireschefske was a purchaser in good faith from Spears without notice of the fraud. Plaintiff also claims part or all of the interest in question through conveyance to him by Roena Spears, wife of Isaiah H. Spears. This aspect of plaintiff's claim, however,

1. Matthews v. Spears, La.App., 24 So.2d 195.

may be quickly disposed of. There is some evidence in the record to indicate that Spears made a conveyance of one-half of his interest in the minerals in suit to his wife. Since, as a matter of law, the husband is unable to contract with his wife, such conveyance is a nullity.[2] Any other claim of Roena Spears to the interest in suit must necessarily be predicated on her rights in the marital community which existed relative to this property with her husband, Isaiah H. Spears. As to such community property, however, the fraud of her husband vitiates her claim as well.[3] Further, as will hereinafter appear, Spears conveyed whatever interest the community had in the property to Jirschefske.

Plaintiff's claim through Roena Spears having been disposed of, consideration must now be given to his claim through Jirschefske. In September of 1947 Jirschefske died leaving a widow and three children. Under his will his widow became his sole heir. In 1949 Spears, an attorney at law, persuaded Mrs. Jirschefske to execute a conveyance of the interest in suit to the plaintiff, who at the time and now is a yard boy working without pay for Spears. And it was Spears who, acting as attorney, brought this action for Archie in the Southern District of California.

On examination the conveyance from Mrs. Jirschefske to Archie proves a very interesting document. It pretends to give Archie a general power of attorney limited to the interest of Mrs. Jirschefske in the land in suit, describing it, and in consideration therefor she conveys to Archie all her interest in the land therein described. In an effort to determine what the intent of the parties concerning this strange document was, the court permitted the introduction of parol testimony.

The plaintiff and Mrs. Jirschefske both testified that Archie paid no consideration for the conveyance, that the conveyance was made as a convenience to Mrs. Jirschefske to save her the trouble of appearing in court. Archie and Mrs. Jirschefske also testified that under their agreement Archie would receive nothing in the event of recovery in this case except some remuneration for his services in bringing the suit, and that Spears would determine what remuneration Archie as well as he himself would receive in this connection.

██ The transfer from Mrs. Jirschefske to Archie, being without consideration, is a nudum pactum.[4] It was a simulation for the convenience of the parties and no title passed to the transferee.[5] Since Archie is a mere agent to bring suit, he is not a real party at interest[6] and the suit must be dismissed as to him.[7]

█ Having disposed of the basic litigation, consideration must now be given to the interpleader. This matter has been simplified by the fact that agreement as of compromise has been reached between the Matthews heirs and the heirs of Jirschefske. Consequently no disposition need be made of the Matthews and Jirschefske claims. The claim of Archie having been disposed of herein, there remains for disposition only the claim of Isaiah and Roena Spears.

As shown above, the Spears interest had been limited to the 1/4th of 1/6th obtained from George Matthews, Jr.[8] Since the conveyances by Spears to Jirschefske are in excess of that amount, Spears has divested himself and Mrs. Spears of all interest in the property in suit.[9] He apparently has recognized this fact by filing in

2. LSA–Civil Code Art. 2446; Rush v. Landers, 107 La. 549, 32 So. 95, 57 L.R.A. 353.

3. Matthews v. Spears, supra.

4. LSA–Civil Code Art. 1893.

5. Ideal Savings & Homestead Ass'n v. Gould, 163 La. 442, 112 So. 40.

6. Louque v. Dejan, 129 La. 519, 56 So.

427, 38 L.R.A.,N.S., 389; Lewis v. Canadian Pacific Railroad Co., 7 Cir., 39 F.2d 834, certiorari denied 282 U.S. 869, 51 S. Ct. 76, 75 L.Ed. 768.

7. Rule 17(a) Federal Rules of Civil Procedure, 28 U.S.C.A.

8. Matthews v. Spears, supra.

9. Provenzano v. Glaesser, 122 La. 378, 47 So. 688; LSA–Civil Code Art. 2404.

these proceedings a disclaimer of any interest in behalf of himself and his wife.[10]

Let a judgment be drawn in accord with these findings.

10. Helis v. Vallee, D.C., 34 F.Supp. 467; Gordon v. Vallee, 5 Cir., 119 F.2d 118, certiorari denied 314 U.S. 644, 62 S.Ct.

85, 86 L.Ed. 517; 6 Cyc. Federal Procedure (2d Ed.) p. 340, § 2226.