HARDY, Judge.
This is an action of eviction by summary proceeding on rule against defendants, who have suspensively appealed from judgment in favor of plaintiff making the rule absolute ordering defendants to vacate the premises described and to deliver possession thereof to plaintiff. Before this court plaintiff has filed a motion to dismiss the appeal.
*925 ON MOTION TO DISMISS THE APPEAL
The motion to dismiss is predicated upon the contention that C.C.P. Article 4735 does not permit an appeal which suspends execution of a judgment of eviction in the absence of the assertion of an affirmative defense, under oath, by defendant in answer to the rule, which defense would entitle him to retain possession of the premises.
In answer to this argument it is urged on behalf of defendants that by answer to the rule they attacked the validity of the original lease under which plaintiff- -claims, which defense, however, was the object of a motion to strike interposed by plaintiff and sustained by the district judge.
Plaintiff’s petition alleged that he was lessee of the property involved by reason of a succession of assignments and subleases deraigning from the original lessors; that plaintiff sub-leased the property to defendants on a month-to-month basis for a cash monthly rental; that on December 8, 1964, plaintiff gave notice in writing to defendants, terminating the month-to-month lease and demanding that defendants vacate the premises in accordance with law on or before December 31, 1964, and that defendants failed and refused to vacate the leased premises and restore possession thereof to plaintiffs in accordance with said written demand.
In defendants’ answer to the rule they denied the “present validity” of the original lease and the subsequent assignments and subleases thereof on the ground that said leases violated Section 14 of Title 15 of the U.S.C.A. known as the Qayton Act, prohibiting agreements creating a monopoly or designed to lessen competition in interstate commerce.
On the beginning of trial of the rule, counsel for plaintiff moved to strike all allegations of defendants’ answer attacking the validity of the lease agreement, which motion to strike was sustained by the court. Evidence was then offered on behalf of plaintiff and no defense was tendered, whereupon judgment was rendered in favor of plaintiff. Defendant timely moved for a suspensive appeal, which was allowed by the district judge and subsequently perfected by filing of bond in the amount fixed.
There can be no question that on the basis of the record before us defendants are not entitled to a suspensive appeal, in view of the provisions of C.C.P. Article 4735 requiring the pleading of an affirmar tive defense.
 However, it is strenuously urged on behalf of defendants that an affirmative defense was tendered and that the district court erred in sustaining plaintiff’s motion to strike such defense. The principle that a lessee holding possession cannot question his lessor’s title nor change the character of possession, even though he may be the real owner of such property, is too well established to require comment; Ideal Savings & Homestead Association v. Gould, 163 La. 442, 112 So. 40; Magnolia Petroleum Co. v. Carter (La.App. 2nd Cir., 1941), 2 So.2d 680, and cases therein cited. Counsel for defendants relies, inter alia, upon the opinion of this court in Hooper v. Harper (La.App. 2nd Cir., 1949), 38 So.2d 802. The cited case is not appropriate in view of the following pronouncement in the opinion of this court as follows:
“Conceding the well established, proposition that a tenant is not privileged to attack the title of his lessor, our examination of the proceedings does not sustain a finding that this is the basis of the defense.” .
It is appropriate to further observe that the asserted invalidity is based upon a purported violation of Federal Law over which a State court does not have jurisdiction; Freeman v. Bee Machine Co., Inc., 319 U.S. 448, 63 S.Ct. 1146, 87 L.Ed. 1509.
Finally, even if proved, plaintiff’s violation of the Federal Statute did not af- *926 feet his right to terminate the lease and resume possession of the premises.
It follows that the motion to dismiss the appeal should be, and accordingly it is, sustained, and
It is ordered, adjudged and decreed that this appeal be dismissed and that execution of the judgment rendered proceed in accordance with law.
All costs are taxed against defendants-appellants.