ELLIS, Judge.
Plaintiffs are judgment creditors of the defendant, E. T. McArthur, by virtue of a judgment rendered in their favor on January 9, 1961. They have instituted this suit to have a certain sale dated October 6, 1960 from E. T. McArthur to his brother-in-law, defendant Richard Largent of Jackson, Mississippi, declared a simulation. The object of the sale was the McArthur residence in East Baton Rouge Parish which remained in the possession of McArthur after the sale and at least until February 15, 1963, the date the instant proceeding was filed.
On October 30, 1962, McArthur filed a petition in bankruptcy, listed the judgment, did not list the residence, and, over plaintiffs’ objection, obtained a discharge from his dischargeable obligations.
The sale complained of recited a consideration of $6,000.00 cash and the assumption of an outstanding mortgage in favor of the Prudential Insurance Company of America on which the principal balance due was $18,-106.92.
The existence of the mortgage and its assumption is undisputed. It is also freely admitted that McArthur has continued to pay all of the installments on the mortgage as well as the taxes and that he considers this to be rent.
There is, likewise, no disagreement as to the $6,000.00 representing the cash portion of the purchase price. McArthur freely admits that it was not paid at the time of the sale or after, but that it represented a repayment of loans made in smaller amounts to the McArthurs by Largent. The cash portion of the sale was, therefore, in reality, a dation.
No checks, receipts, notes or any other documentary evidence of any kind was offered by either party. Mr. Richard Lar-gent did not testify and his failure to do so is unexplained. The sale evidence in the record consists of excerpts of the testimony taken at the bankruptcy hearings.
Plaintiff relies on Article 2480 of the LSA-Civil Code which provides that in *671 cases where the seller remains in possession of the thing sold, there is reason to presume that the sale is simulated. The burden of proof in such cases is on the parties to the sale to establish the reality of the sale.
In the case of Pruyn v. Young, 51 La.Ann. 320, 25 So. 125, 126, plaintiff sought to enjoin a seizure, alleging himself to be owner of the immovable property. The court dissolved the injunction and said at page 324:
Standing alone, the testimony of plaintiff in his own behalf is scarcely enough to rebut the presumptions arising from the possession and relationship of plaintiff, and it is clearly insufficient, when uncorroborated by the testimony of witnesses who were parties, who must have known the important particulars 5fC * * íf
Carruth v. Jones, La.App., 139 So. 655, presented an almost identical situation to this court except that the vendor and ven-dee both testified in support of vendee’s claim of ownership. We, nevertheless, held that the plaintiff had not carried the burden of proof because:
“ * * * there are no facts fully proved by other witnesses than the parties * * p. 656.
Plaintiff is entitled to the benefit of two legal presumptions in this case: first, that of simulation because of the retention of possession by the purported vendor and, second, that the testimony of the other party to the sale would have been damaging rather than corroborative.
To refute these strong presumptions, the defendant has offered no testimony whatsoever. The only testimony was that taken at the bankruptcy hearing and attached to plaintiffs’ earlier unsuccessful motion for a summary judgment. The defendant has failed to sustain the burden of proof that the sale was made for a valid consideration.
Accordingly, it is hereby set aside as a simulation.
Reversed.