STOULIG, Judge.
This is the second motion filed by appel-lee seeking a dismissal of appellant’s sus-pensive appeal from a judgment of eviction. The motion is based upon the contention that appellant failed to assert under oath an affirmative defense entitling it to remain in possession of the premises.
A review of the proceedings in this matter reflects that the rule for possession of the premises was filed more than one year ago and that the lease terminates in approximately 17 days. However, the delay 'experienced in concluding the summary *273 proceeding is not due to want of diligence by counsel but is attributable to the multiplicity of pleadings and a compromise agreement which effectively suspended for 90 days a rendition of a judgment by the trial court.
In response to the rule for possession, the lessee filed, at one time and in separate pleadings, an exception of lis pen-dens,[1] an exception of no right of action,[2] and an answer wherein it is alleged the lease was founded on fraud and error and that the property was purchased for the lessee by the lessor.[3]
On the date set for trial of the matter, the compromise agreement previously referred to was reached. Appellant failed to fulfill his obligations under the compromise, and in accordance with its terms the trial court made the rule absolute and ordered the lessee to vacate the premises. From this judgment appellant was granted a sus-pensive appeal.
It should be noted that none of the pleadings filed by appellant were made under oath. This lack of verification is significant when viewed in the light of the requirements of C.C.P. art. 4735, which provides that the execution of a judgment of eviction will not be suspended by an appeal unless an affirmative defense under oath has been pleaded which would entitle lessee to retain possession of the premises and the appeal bond posted within 24 hours of the rendition of the judgment.
Appellant has failed to meet the mandatory requirements of a verified pleading asserting an affirmative defense entitling it to the continued occupancy of the property. The exceptions and answer filed by the appellant do not contain an affirmative defense as enumerated in C.C.P. art. 1005 nor contemplated by C.C.P. art. 4735. It therefore follows the efficacy of this appeal to suspend the execution of the judgment of eviction never materialized. However, the pending appeal is still valid as a devolutive appeal.
Accordingly the motion to dismiss this appeal is denied and said appeal is ordered maintained as a devolutive appeal.

MOTION DENIED.

. The exception pleads a prior suit (No. 77-6986 C.D.C.) filed by lessor against Cosimo Metassa and urges since he is the president of Jazz City, Inc., that it is in fact a suit against the corporate lessee.

. The exception of no right of action is based upon the contention that in Suit No. 77-6986 C.D.C. plaintiff has judicially acknowledged that the premises are verbally leased to Cosimo Metassa individually. (It appears that the basis for the exception of no right of action conflicts with the predicate of the exception of lis pendens.)

. In its answer, lessee, while admitting existence of the lease, attacks the title of the lessor. The alleged fraud and error is that lessor repudiated the agreement to transfer title to lessee for whose account he allegedly purchased it. It is well settled that a lessee in possession cannot question his lessor’s title nor change the character of possession even though he may be the real owner of the property. Burgess v. Hogan, 175 So.2d 924 (La.App. 2d Cir. 1965).