448 So.2d 845 (1984)
Rudolph WILLIAMS, Plaintiff-Appellant,
v.
Roy REYNOLDS, et ux., Defendants-Appellees.
No. 16114-CA.
Court of Appeal of Louisiana, Second Circuit.
March 26, 1984.
*846 Cameron C. Minard, Columbia, for plaintiff-appellant.
Paul B. Wilkins, Columbia, for defendant-appellee.
Before PRICE, HALL and NORRIS, JJ.
PRICE, Judge.
This is an eviction suit. Plaintiff appeals the trial court judgment denying his prayer for eviction of the defendants from the leased property.
He contends the trial court erred in allowing defendants-lessees to question the title of their lessor, in considering the outcome of a petitory action allegedly concerning the subject property which was pending at the time of plaintiff's rule to evict, and in taking the matter under advisement and failing to render judgment for more than six months.
In March 1982 plaintiff and defendants entered into an oral month-to-month lease of plaintiffs' small tract of land in the southwest corner of Section 18, T 14 N, R 5 E, fronting on the Boeuf River in Caldwell Parish. The price agreed upon was $35.00 per month which was paid for the month of March. Defendants placed their mobile home on the property. Defendants failed to pay the rent due for the months of April and May and on May 13, 1982, plaintiffs filed suit seeking the past due rent, recognition of his lessor's lien and privilege on defendants' mobile home, and eviction of defendants. Defendants responded to this suit with a general denial answer filed in proper person.
An intervention was filed by parties collectively known as the "Brown Heirs" who claimed to be the true owners of the property leased to defendants, and alleging that they had entered into a written lease of the property with defendants. The intervention was dismissed on an exception of no cause of action.
After trial of the matter, judgment was rendered in this first suit on August 5, 1982, awarding plaintiff four months' past-due rent in the amount of $140 and recognizing plaintiff's lien and privilege on defendants' mobile home, but denying the prayer for eviction. This judgment stated that the "lease contract is recognized and will continue in effect until further proceedings." No appeal was taken from this judgment.
At this point, plaintiff simply wanted the lease terminated and purportedly had his attorney so inform defendants by letter. However, there is no letter to this effect in the record. Sometime thereafter, defendants tendered to plaintiff a check dated August 30, 1982, in the amount of $70 purporting to be rent for August and September. Plaintiff took the check to his attorney who returned it and wrote defendants another letter dated September 1, 1982, stating plaintiff desired to terminate the lease. On October 13, 1982, plaintiff filed this rule in the same numbered proceedings as the first eviction suit. Hearing was held November 18, 1982, at which defendants did not appear but were represented by their appointed curator.
Plaintiff testified that he had a small piece of property located across the road *847 from his house and fronting on Boeuf River which he leased to defendants on a monthly basis; that defendants paid one-month's rent, missed a month's rent and he sued them; that defendants paid the judgment resulting from that suit, satisfying the rent through July 1982; that he then refused to accept further rent and took steps to notify them of termination of the lease through his attorney.
Over objection of plaintiff's counsel, defendants introduced into the record a copy of the lease granted to them by the Brown Heirs on property which they claim to be the same land they leased from plaintiff. The trial court took the matter under advisement and after a long delay dismissed plaintiff's demand for eviction, continuing defendants in possession of the property. This conclusion was apparently reached on the basis of a trial court ruling in favor of the Brown Heirs in a suit concerning certain property located in Caldwell Parish and entitled Beula Howell Brown, et al v. Verra McClanahan Wood, et vir, No. 13,652 on the docket of the Thirty-Seventh Judicial District Court. It is from this second judgment denying eviction, rendered June 10, 1983, that plaintiff now appeals. We reverse.
La.C.C.P. Articles 4701 through 4705 provide a summary process for eviction of a lessee by a lessor because the lease has ended due to expiration of its term, or for other lawful cause. It is well settled that a summary action for eviction of a tenant or lessee under these articles involves the single issue of whether the lessor is entitled to receive back possession of the leased premises. Roussel v. Dalche, 158 La. 742, 104 So. 637 (1925); Vicknair v. Watson-Pitchford Inc., 348 So.2d 695 (La.App. 1st Cir.1977).
It is likewise well established that a person may lease property of which he is not the owner, under the principle of La. C.C. Art. 2681, and, as long as he is in undisturbed possession of the property, the lessee may not contest the lessor's title. Ideal Savings and Homestead Association v. Gould, 163 La. 442, 112 So. 40 (1927); Burgess v. Hogan, 175 So.2d 924 (La.App. 2d Cir.1965). Accordingly, since defendants neither alleged nor showed any disturbance of their possession of the property, consideration of the purported claim of another to the leased property as a defense to plaintiff's rule for eviction was improper.
Plaintiff introduced evidence to show the lessor-lessee relationship between the parties and proper notice of his termination of the lease which was terminable at the will of either party, since it was on a month-to-month basis with no specified duration. See La.C.C. Art. 2686.
This evidence was unrebutted by the defendants. It was conceded, through the testimony of defendants' agent Mrs. Goins, that defendants took possession of the property through the plaintiff pursuant to the lease agreement between the parties. It was also admitted that plaintiff had given proper notice of his desire to terminate the lease. Under these circumstances, this is all plaintiff was required to show to meet his burden of proof since, absent a disturbance of possession, an adverse claim to the property has no effect upon the lease. See Dyer v. Wilson, 190 So. 851 (La.App. 2d Cir.1939). We therefore find that the plaintiff was entitled to a judgment of eviction against the defendants from the leased property.
Any dispute with regard to the ownership of the property may properly be determined only in an ordinary proceeding between the lessor and the other party asserting a claim to the subject property.
In light of our finding that plaintiff was entitled to a judgment of eviction, it is unnecessary to reach the other issues raised by plaintiff on appeal.
For the reasons assigned, the judgment appealed is reversed. All costs of this appeal are assessed against defendants-appellees.
REVERSED.