**Richard BARKER, Jr., Plaintiff,**

v.

**JACKSON NATIONAL LIFE
INSURANCE COMPANY,
Defendant.**

**No. 92–50140–RV.**

United States District Court,
N.D. Florida,
Panama City Division.

June 15, 1995.

Glenn L. Hess, Glenn L. Hess P.A., Panama City, FL, and Jeffrey C. Bassett, Barron, Redding, Hughes, Fite, Bassett & Fenson, Panama City, FL, for plaintiff.

Edward R. Nicklaus, Pro Hac, Vice, Dolores M. Blanco, Pro Hac Vice, Richard D. Settler, Pro Hac Vice, and William R. Wicks, III, Pro Hac Vice, Nicklaus, Valle, Craig & Wicks, Miami, FL, for defendant.

## ORDER

VINSON, District Judge.

Pending is the motion of plaintiff Richard Barker, Jr. to substitute the Estate of Stacey Lynn Sheppard Barker as the real party in interest. (doc. 186). For the reasons set forth below, the motion is DENIED.

## I. BACKGROUND

On October 8, 1990, defendant Jackson National Life Insurance Company ("Jackson National") issued a $350,000.00 term life insurance policy on the life of Stacey Lynn Sheppard Barker ("Stacey Barker"). The policy named Stacey Barker's husband, plaintiff Richard Barker, Jr. ("Barker"), as the primary beneficiary, and the Estate of Stacey Barker ("the Estate") as the contingent beneficiary.

On May 23, 1991, Stacey Barker died in a Panama City, Florida, hospital, an apparent drowning victim. On or about June 25, 1991, Barker demanded the proceeds of the life insurance policy from Jackson National. When Jackson National refused to pay, Barker filed suit in the Circuit Court in and for Bay County, Florida. Jackson National removed the case to this court.

On May 5, 1995, Richard Barker executed a "disclaimer" of his rights as the primary beneficiary under the insurance policy. The plaintiff has now moved to substitute the estate as the real party in interest pursuant to Rule 17(a), Federal Rules of Civil Procedure.

## II. ANALYSIS

Barker has moved to substitute the Estate as the plaintiff pursuant to Rule 17(a), Federal Rules of Civil Procedure. Barker asserts that as a result of his disclaimer, the estate is now the real party in interest. Barker further contends that Rule 17(a) is mandatory, and that this court lacks any discretion in the matter.

■ The plaintiff has filed its motion under the wrong rule. Rule 17(a) governs transfers of interests prior to the commencement of the action, but where the transfer of interest takes place during the action, Rule 25(c) applies. *Veverica v. Drill Barge Buccaneer No. 7,* 488 F.2d 880, 886 (5th Cir.1974) (transfer two days after suit filed governed by Rule 25(c), not Rule 17(a)).[1] *See also Hilbrands v. Far East Trading Co.,* 509 F.2d 1321, 1323 (9th Cir.1975) ("Rule 17(a) would control if an interest was transferred prior to commencement of the suit. Rule 25(c) F.R.Civ.P. applies if the transfer occurs during the pendency of the action."). Substitution under Rule 25(c) is purely a matter of convenience, and regardless of whether substitution is ordered, the respective substantive rights of the transferor or the transferee are not affected. *Minnesota Mining & Mfg. Co. v. Eco Chem, Inc.,* 757 F.2d 1256, 1263 (Fed.Cir.1985); *Television Reception Corp. v. Dunbar,* 426 F.2d 174, 178 (6th Cir.1970).

■ The plaintiff denies that Rule 25(c) is applicable, asserting that Barker did not transfer his rights, but rather disclaimed his rights, and that disclaimers are governed by Rule 17(a). It is undisputed that at the commencement of the action, Richard Barker was the designated beneficiary of the life insurance, and that if there was a valid disclaimer, his rights were transferred to the estate, the alternate beneficiary. Unquestionably, the estate is the successor in interest. *See Kloster Speedsteel AB v. Crucible, Inc.,* 793 F.2d 1565, 1582 (Fed.Cir.1986), *cert. denied,* 479 U.S. 1034, 107 S.Ct. 882, 93 L.Ed.2d 836 (1987) (Rule 26(c) applies to all

---

1. Decisions of the Fifth Circuit issued prior to October 1, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard* 661 F.2d 1206, 1207 (11th Cir.1981) (*en banc*).

"successors in interest"). Plaintiff's argument is without merit.[2]

■ The disposition of a motion under Rule 25(c) is committed to the sound discretion of the trial court. *Virgo v. Riviera Beach Associates, Ltd.*, 30 F.3d 1350, 1357 (11th Cir.1994); *National Independent Theatre Exhibitors, Inc. v. Buena Vista Distribution Co.*, 748 F.2d 602, 610 (11th Cir.1984), *cert. denied*, 474 U.S. 1013, 106 S.Ct. 544, 88 L.Ed.2d 473 (1985). The court may in its discretion order that the original party continue the action alone, that the transferee be substituted for the original party, or that the transferee be joined as an additional party. *Id.* Even if not named, successors in interest are always bound by the judgment; therefore, substitution of parties pursuant to Rule 26(c) is never mandatory. *Kloster Speedsteel AB v. Crucible, Inc.*, 793 F.2d 1565, 1582 (Fed.Cir.1986), *cert. denied*, 479 U.S. 1034, 107 S.Ct. 882, 93 L.Ed.2d 836 (1987).

■ The interests of justice can best be served by having the original party continue as the plaintiff in this case. The disclaimer was not executed until the eve of trial. At best, it is only a partial disclaimer, because Barker remains the major estate beneficiary. The defendant points out that a substitution of plaintiffs would require it to amend its answer to assert different affirmative defenses and possibly necessitate the reopening of discovery. Changing the plaintiff at this point may require that the trial be postponed, or perhaps that the case be dismissed. In such a case, substitution of the transferee is not appropriate. *See, e.g., National Independent Theatre Exhibitors, Inc. v. Buena Vista Distribution Co.*, 748 F.2d 602, 610 (11th Cir.1984), *cert. denied*, 474 U.S. 1013, 106 S.Ct. 544, 88 L.Ed.2d 473 (1985); *Otis Clapp & Son, Inc. v. Filmore Vitamin Co.*, 754 F.2d 738 (7th Cir.1985).

This case is now about three years old. The very late point in the proceedings in which the disclaimer was made, and the possible disruption of the scheduled trial strongly weigh against granting the motion. Further, there are no considerations which weigh in favor of allowing substitution. Accordingly, the plaintiff's motion to substitute the Estate of Stacey Lynn Barker as plaintiff is DENIED.

DONE AND ORDERED.

---

**2.** Even if Rule 17(a) applies, it is unclear that substitution would be proper. The plaintiff admits the transfer was for purposes of trial tactics, including an attempt at avoiding one of the defendant's affirmative defenses. Whenever a transfer is made solely for the purpose of convenience or legal tactics, the court may ignore the transfer and the transferor remains the real party in interest pursuant to Rule 17(a). *Archie v. Shell Oil Co.*, 110 F.Supp. 542 (E.D.La.1953), *aff'd.*, 210 F.2d 653 (5th Cir.), *cert. denied*, 348 U.S. 843, 75 S.Ct. 64, 99 L.Ed. 665 (1954).